(27 Misc. Rep. 451.)

### In re NEW PALTZ & W. V. R. CO.

(Supreme Court, Special Term, New York County. May, 1899.)

RAILROAD COMPANY—DISSOLUTION—COSTS—PRIORITY OF LIEN.

　　On the dissolution of a railroad corporation in proceedings brought by its trustees, the costs of dissolution, consisting of printing and advertising expenses, and attorney's, referee's, and stenographer's fees, constitute a lien on the funds in the hands of the receivers prior to the claims of first mortgage bondholders.

In the matter of the application of the New Paltz & Wallkill Valley Railroad Company for dissolution. Heard on motion to modify an order making the expenses of the dissolution proceedings a first

lien on the funds in the hands of the receivers.    Order modified, and motion denied, without costs.

Hyde & Leonard, for the motion.
James Harold Warner, opposed.

TRUAX, J. In instituting these proceedings the defendants were acting as trustees, and the expenses they incurred while so acting were incurred in preserving the property, and should be paid out of the funds in the hands of the receiver, before all other liens, although the receiver was not appointed in an action brought by the bondholders or their trustee. Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 6 Sup. Ct. 809. It was held in Barnes v. Newcomb, 89 N. Y. 108, that where the officers of an insolvent corporation believe it to be solvent, and have reasonable grounds for such belief, it is their duty to oppose an application for the dissolution of the corporation, and their reasonable expenses in so doing should be allowed to them, to be paid out of the funds in the hands of the receiver. It seems to me that, if such expenses should be allowed, it is right to allow the expenses incurred in protecting the property by procuring the appointment of a receiver, especially in view of the fact that the directors of the corporation, who apply for the appointment of the receiver and the dissolution of the corporation, are not personally liable to the attorney for his services in the matter. Drew v. Longwell, 81 Hun, 144, 30 N. Y. Supp. 733. The referee has consented that his fee be reduced to the sum of $200, and the moving party hereto acquiesces. To that extent the order heretofore made will be modified. In other respects the motion is denied, without costs.

Order modified, and motion denied, without costs.