ROVNIANEK et al. v. KOSSALKO.

(Supreme Court, Appellate Division, Second Department. May 1, 1901.)

REFERENCE—REPORT—CONFIRMATION—JUDGMENT—APPEAL.

Plaintiffs, by virtue of levy under execution, claimed certain moneys deposited by defendant with the county clerk, and moved that he pay the same to plaintiffs. A third party appeared and claimed the moneys, and it was ordered that all matters arising on the motion and the claim of claimant be referred to a referee to hear proofs in respect to the respective claims, "and determine the same with all convenient speed to this court." The referee reported that he had heard testimony, and determined the action, and directed judgment for the claimant. No exceptions were taken for eight days, and the report was confirmed under rule 30, declaring a report shall stand confirmed if no exceptions are filed within eight days. *Held*, that the order was intended to read, "with directions to hear the proofs submitted in reference to the claims and to report the same," it being a reference, not of the action, but in aid of the court, which was not conclusive on the court, and hence, the motion being undetermined, an appeal from the order of confirmation would not lie.

Appeal from judgment on report of referee.

Suit by Peter V. Rovnianek and another against Joseph Kossalko. Plaintiffs had judgment, and claimed moneys deposited by defendant with the county clerk. Katie Constant intervened, and claimed the moneys, and, from an order confirming the report of a referee in favor of the claimant, plaintiffs appeal. Appeal dismissed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Paul Jones, for appellants.

George W. Elkins, for respondent.

JENKS, J. Plaintiffs, by virtue of levy under execution upon their judgment against the defendant, claimed certain moneys deposited by the defendant with the county clerk of Queens county. They moved the special term for an order that the county clerk pay such moneys in part satisfaction. The defendant did not appear on the motion, but, by agreement with the defendant, Mrs. Constant appeared, and laid claim to the moneys. No question was then raised, nor is any question raised before us, as to the right of the court to determine the question of the ownership of this money upon the motion. The special term ordered that "all matters arising upon this motion and the claim of Katie Constant be, and the same hereby are, referred" to a referee, with directions "to hear the proofs submitted by each of said parties in reference to their respective claims, and to determine the same with all convenient speed to this court." The referee took testimony, and thereafter reported "to the supreme court of the state of New York," stating that he did so as the referee "appointed to hear and to determine in the above-entitled action," finding divers matters of fact and of law, and directing judgment, with costs "of this special proceeding," to the claimant, Constant. Mrs. Constant's attorney gave notice on October 30, 1900, to the plaintiffs' attorney, of the filing of the report and of the testimony on that day. The plaintiffs, under date of November 8, 1900, excepted to the rulings of the

referee upon the questions of law, seriatim, upon which the report was made by notice addressed to the county clerk and the claimant's attorneys, with notice of filing thereon in the said clerk's office on November 9, 1900. On November 10th, Mrs. Constant's attorney, upon affidavit setting forth the proceedings, and upon a certificate of the county clerk, dated November 8th, that the referee's report was filed on October 30th, and that no exception thereto had been filed, obtained an order, ex parte, from the special term, not presided over by the justice who heard the motion, confirming the decision of the referee, directing the county clerk forthwith to pay to Katie Constant or to her attorney the said moneys, and adjudging that Katie Constant have judgment against the plaintiffs and petitioners for her costs and disbursements "in this special proceeding." On November 12th notice of the entry of the order was given, and a judgment was entered in favor of the claimant for $179 taxed costs. On December 12, 1900, the plaintiffs appealed to this court from the judgment of November 12th, from the decision of the referee, and from the order of November 12th, whereby the report was confirmed.

It is not necessary to review the learned and elaborate discussion of the respective counsel as to the relative rights of the parties, the practice pursued, or the rights of appeal, for the reason that I think that this appeal should be disposed of upon grounds not discussed by counsel; for I think that the intention of the learned special term was not to enter an order of reference to hear and to determine issues. The case had gone to judgment. The sole question before the court was the motion to compel the county clerk to satisfy the plaintiffs' judgment out of money levied upon by execution, but which moneys were claimed by a third party claiming under the defendant. I judge that the terms of the order were an inadvertence, and that instead of stating that "the matters arising upon this motion and the claim of Katie Constant be, and the same are hereby, referred, with directions to hear proofs submitted by each of the parties in reference to their respective claims, and to determine the same with all convenient speed to this court," the order was intended to read, "with directions to hear the proofs submitted by each of said parties in reference to their respective claims, and to report the same [or to report the same with his opinion], with all convenient speed, to this court." In other words, it was a reference of aid to the court in determining the motion. As was said of a similar proceeding: "It was not the reference of an action, but was a reference under a special motion;" and here it was to relieve the court from taking the testimony, and (perhaps) to obtain the opinion of the referee. Patten v. Bullard, 3 N. Y. St. Rep. 735, affirmed in 118 N. Y. 669, 22 N. E. 1136. Such a report was not at all conclusive upon the court; it might adopt it or disregard it. Martin v. Hodges, 45 Hun, 38, 40; Patten v. Bullard, supra. So far as the record shows the motion has never been decided. Rule 30 provides that, if no exceptions are filed thereto, confirmation follows, and the order of confirmation made herein was but the formal execution of the rule. But for the reasons stated in Martin v. Hodges, supra, by Haight, J., such confirmation of the report did not determine the motion. There is nothing, then, before us

to review until that motion is decided, and the appeal must be dismissed, without costs as to either party, and without prejudice to further proceedings by either party.   Appeal dismissed.   All concur.