FRED C. BORDEN *vs.* ENTERPRISE TRANSPORTATION COM-
PANY & trustees, HOLLIS R. BAILEY, receiver, claimant.
GEORGE L. REYNOLDS *vs.* SAME.

Bristol.   March 6, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Receiver.   Attachment.   United States Courts.*

The provision of R. L. c. 167, § 126, that " an attachment of property on mesne pro-
cess shall be dissolved by the appointment by any court of competent jurisdic-
tion in this Commonwealth of a receiver to take possession of such property,"
does not apply to an appointment of a receiver made in this Commonwealth
by a federal court.

TWO ACTIONS OF CONTRACT by different plaintiffs against
the Enterprise Transportation Company, a corporation organized
under the laws of this Commonwealth, in each of which other
corporations were summoned as trustees.   Writs dated respec-
tively November 13 and November 15, 1907.

In each of the cases the several trustees appeared and an-
swered, admitting funds, and in each of the cases Hollis R.
Bailey filed an intervening petition as claimant, claiming the
funds in the hands of the alleged trustees as receiver of the
property of the defendant appointed by the Circuit Court of
the United States for the District of Massachusetts in a suit in
equity brought by one Wheelan against the defendant on No-
vember 16, 1907, the claimant having been appointed receiver
by a decree made on that day.

In the Superior Court the cases were tried before *Bell*, J.,
without a jury.   In the action brought by Borden the defendant
was defaulted by agreement and the case was continued for
judgment, and in the action brought by Reynolds by agreement
the judge found for the plaintiff.   In each of the cases the
claimant asked the judge to rule that the provisions of R. L.
c. 167, § 126, applied, although the appointment of the receiver
was by the Circuit Court of the United States for the district
of Massachusetts.   The judge, however, was of the opinion and
ruled that R. L. c. 167, § 126, did not apply to proceedings

begun in the United States courts, and that, therefore, the attachment made upon the funds in the hands of the trustees had not been dissolved, and ordered that the trustees be charged on their answers. In each case the receiver alleged exceptions.

*S. Williston*, for the receiver.

*G. Grime*, for Borden.

*C. R. Cummings*, for Reynolds.

KNOWLTON, C. J. The question presented by the bill of exceptions is the same in each of these two cases, namely: Whether the R. L. c. 167, § 126, declaring that an attachment of property on mesne process shall be dissolved by the appointment of a receiver to take possession of such property, is applicable to a case where the receiver is appointed by the Circuit Court of the United States.

The language of the statute, "by any court of competent jurisdiction in this Commonwealth," standing alone, is broad enough to include the federal courts, and if all the provisions of the statute were properly applicable to proceedings in these courts, we should be inclined to give the appointment of a receiver in them the same effect as it would have if made in a State court. But § 127 provides that, when an attachment has been dissolved under the preceding section, "the proceedings for the appointment of a receiver shall not thereafter be dismissed and the receiver discharged, until all the assets which have come into his hands as receiver have been fully distributed, or the claim upon which the attachment was made has been fully paid and discharged, unless the debtor, before such dismissal, deposits with the officer who made the attachment, such amount of money as the court before which such receivership proceedings are pending, after notice to the attaching creditor and a hearing, finds reasonable for the protection of his claim in the action in which the attachment was made."

In *Second National Bank of Pittsburg* v. *Lappe Tanning Co.*, *ante*, 159, it was held that a court in which the proceedings of an ancillary receivership were pending had no power to transmit the assets to the domiciliary receiver, after the dissolution of an attachment under this statute, until provision had been made for the attaching creditor under § 127.

Before the enactment of this statute, attachments in force at

the time of the appointment of a receiver were not dissolved by the appointment. *Kittredge* v. *Osgood*, 161 Mass. 384. *Merrill* v. *Commonwealth Ins. Co.* 166 Mass. 238. The case first above cited holds that the statute recognizes the preference that a creditor obtains through his attachment, and while compelling him to share with other creditors who avail themselves of the receivership, it secures to him the right to have the property distributed through the receivership that deprives him of his attachment, unless the debt is secured otherwise under the statute. This result is reached under the statute by controlling the court in its proceedings, and prohibiting a disposition of the assets which the court might order were it not for the prohibition. This prohibition is an interference with a power and jurisdiction which the court has from other sources, independently of the statute, and for purposes outside of the provisions of the statute.

Our Legislature has no power so to control a federal court, or so to interfere with its proceedings authorized by laws outside of this statute. *Boyle* v. *Zacharie*, 6 Pet. 648, 658. Foster's Fed. Pr. (1st ed.) 8, par. 6. A federal court might entirely disregard the prohibition contained in § 127, as an attempt at unlawful interference with its rights and powers. The Legislature must be presumed to have known this, and not to have enacted an illegal and ineffectual law.

Plainly, it was not intended that an attachment should be dissolved under the first of the two sections without giving the creditor the benefits secured by the second of the sections. The statute will be given effect if the words, " by any court of competent jurisdiction in this Commonwealth," be held to mean any court which is subject to the legislation of the Commonwealth.

It is true that legal and equitable rights, of a general character, whether obtained under laws of a State or under laws of the United States, may be enforced either in the federal courts or in the courts of the State. *Claflin* v. *Houseman*, 93 U. S. 130, 136, 137. *Morgan* v. *New York National Building & Loan Association*, 73 Conn. 151, 154. The State cannot create an absolute right and forbid the enforcement of it in a federal court. *Barrow Steamship Co.* v. *Kane*, 170 U. S. 100, 111. *Reagan* v. *Farmers' Loan & Trust Co.* 154 U. S. 362, 391.

But the present statute does not attempt to do this. It starts with a condition in which all creditors who have made valid attachments are secured by the attachments against a taking of the property by a receiver. It is intended to furnish some protection for Massachusetts creditors against such adjustments as may be made, with or without preferences, through receiverships for the benefit of creditors in other States. At the same time, it is intended to dissolve attachments, so as to compel attaching creditors to share proportionally with others in the distribution of property among creditors in the proceedings controlled by the laws of this State. It is not intended to compel the dissolution of attachments, and perhaps to compel Massachusetts creditors to attempt the collection of their debts in other States, when the receivership is created by a court of independent jurisdiction which cannot be compelled to hold property in Massachusetts for the payment of debts proved here.

Of the power of the Legislature, under the constitution, to require the dissolution of attachments only when the property can be held under the laws of Massachusetts for the benefit of creditors who prove their claims here, there is no doubt.

The case from 73 Conn. 151, cited above, was materially different from the one before us. The statute considered in it provided generally for the dissolution of all attachments made within sixty days prior to the commencement of proceedings resulting in the appointment of a receiver. In its terms, and in all particulars, it was as applicable when the appointment was made in a federal court as when it was made in a State court. The only ground for suggesting a question was that, by the statute, the costs that had accrued previously were to be allowed as a debt. The court treated this provision as the creation of a right, which properly could be enforced in a federal court as well as in a State court, and not as an interference with the remedies or procedure of the court.

In each case the entry must be

*Exceptions overruled.*