WILLIAM H. THORNLEY *vs.* J. C. WALSH COMPANY.

Bristol.     October 26, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Receiver.     Equity Pleading and Practice*, Decree, Report, Appeal, Reservation. *Equity Jurisdiction*, Receiver.   *Corporation*, Foreign.

A decree in a suit in equity brought against a foreign corporation by a creditor who also has been appointed receiver of the corporation by a court of the State of its incorporation, which appoints such creditor ancillary receiver to take possession of and collect accounts owing to the corporation in this Commonwealth and attached by creditors here, should direct the ancillary receiver so appointed not to transmit the Massachusetts assets to himself as receiver in the other State until provision has been made for attaching creditors here.

The question as to whether certain evidence offered by the defendant at a hearing in a suit in equity properly was excluded by the judge is not before this court on an appeal from a decree made by the judge granting the prayer of the bill, no bill of exceptions having been filed, although, five months after the decree, the judge made a "report of facts" in which he stated that such evidence was offered and was excluded by him at the hearing.

*It seems*, that the question as to whether a judge, before whom was heard a suit in equity, acted properly in ruling as to the admission or exclusion of evidence, can be presented to this court only by a bill of exceptions, if exceptions to the rulings were taken at the hearing, or by a reservation under R. L. c. 159, § 29.

A bill in equity, praying for the appointment of a receiver of an insolvent corporation incorporated in another State, to be ancillary to a receiver appointed in such other State and to collect assets here and, after the rights of creditors attaching here have been safeguarded properly, to turn such assets over to the domiciliary receiver, may be maintained, although the corporation never had complied with

St. 1903, c. 437, § 58, by appointing the commissioner of corporations to act as its attorney for receipt of service, and although the creditor petitioning here is the same person who on his own petition as a creditor was appointed domiciliary receiver and at that time was the attorney of the corporation, and made the application at the solicitation and with the consent ·of the corporation.

BILL IN EQUITY filed in the Superior Court for the county of Bristol on January 15, 1908, alleging that the defendant was a Rhode Island corporation and was insolvent, that, on petition by creditors of the corporation, the plaintiff had been appointed its permanent receiver by the Superior Court of Providence County, Rhode Island, that there were accounts due the defendant from persons in Fall River, " which accounts . . . have been attached by certain creditors." The prayer of the bill was that the plaintiff " or some other suitable person " be appointed ancillary receiver of the defendant.

The following " plea to the jurisdiction in abatement " was filed : " And now . . . comes Jerome C. Borden, a creditor, summoned as defendant herein, and pleads to the jurisdiction of the court and says that the petition cannot prevail for that the defendant corporation was a foreign corporation and was engaged in the business of constructing a building in this Commonwealth, and did not comply with " St. 1903, c. 437, § 58, " and because in the course of its business as aforesaid it became indebted to said Jerome C. Borden and other citizens of this Commonwealth for materials, etc. used in the construction of said building, and that the contract price of said building remains unpaid, and is held on trustee process of this court in a pending suit in which said Jerome C. Borden is plaintiff and said The J. C. Walsh Co. is defendant; that the defendant has ceased to do business in this Commonwealth, and that their action cannot be maintained, among said other reasons, because of " St. 1903, c. 437, § 60.

On January 22, 1908, *Bell,* J., overruled the plea, and appointed the plaintiff ancillary receiver, " with power and authority to collect, and receive and receipt for all assets in Massachusetts belonging to said corporation, and to pay over the same to the receiver in Rhode Island duly appointed as aforesaid, filing his account and first making report however of all his proceedings in Massachusetts to this court, and he shall be subject to such further orders and decrees of this court as shall seem meet in the premises." Borden appealed on January 27, 1908. On July

2, 1908, the judge's " report of facts," mentioned in the opinion, was filed.

Other facts are stated in the opinion.

*A. S. Phillips*, for the defendant Borden.

*W. H. Thornley* (of Rhode Island), (*D. J. Slade* with him,) for the plaintiff.

LORING, J.    This is an appeal from a final decree appointing a receiver of the property of a Rhode Island corporation in a proceeding ancillary to a similar proceeding and appointment of the same person as permanent receiver by the Superior Court of that State.

The decree should have directed the receiver here not to transmit the Massachusetts assets to himself as receiver in Rhode Island until provision had been made for attaching creditors in Massachusetts. *Second National Bank* v. *Lappe Tanning Co.* 198 Mass. 159.    *Borden* v. *Enterprise Transportation Co.* 198 Mass. 590.    It should be modified accordingly.

The appellant has argued a question as to the exclusion of evidence set forth in an offer of proof stated in findings of fact made by the judge who heard the petition " in accordance with the provisions of section 23 of chapter 159 of the Revised Laws." These findings of fact were made more than five months after the final decree here appealed from had been entered.

That question is not properly before us.    The only way of presenting such a question to this court is by a bill of exceptions, if an exception to the exclusion of the evidence was taken at the trial, or by a reservation under R. L. c. 159, § 29.

There is nothing however in the contention of the defendant in this connection.    His contention is that as matter of law a creditor of an insolvent foreign corporation cannot maintain an ancillary petition against it in the courts of this State where the foreign corporation has not complied with St. 1903, c. 437, § 58; and where the creditor who applies here applied for the appointment in the home State, was the attorney of the insolvent corporation, made the application at the solicitation and with the consent of the corporation, and was himself appointed the receiver.    The appellant's argument is that since the corporation under those circumstances has no standing in the courts of the Commonwealth, (as to which see *National Fertilizer Co.* v. *Fall*

*River Bank*, 196 Mass. 458; *Friedenwald Co.* v. *Warren*, 195 Mass. 432,) the attorney of the corporation who applies at its solicitation and with its consent has no greater right. If the application had been made by the plaintiff as the attorney of the insolvent corporation the conclusion urged by the appellant perhaps would have followed. But the petition here in question was made by the plaintiff as a creditor, not as the attorney of the insolvent corporation. The evidence stated in the offer of proof would have gone no farther than to raise a question as to the good faith of the proceeding, and it was so treated by the judge. He states in his finding of facts: " I ruled that the facts stated in the offers of proof were not conclusive as matter of law and determined that, if proved, I should still upon the whole case grant the petition."

The decree must be modified by providing that the receiver appointed here is not to transmit to Rhode Island the assets received here until provision is made for attaching creditors in Massachusetts. So modified the decree is affirmed.

*So ordered.*