BAFF v. ELIAS.

(Supreme Court, Appellate Division, Second Department. July 25, 1912.)

1. REFERENCE (§ 47*)—SCOPE—MOTION TO PUNISH FOR CONTEMPT.
   A reference, on motion to punish for contempt for violation of the final judgment, should not be to hear and determine, but to take proof and report with opinion.

   [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 74, 76, 78; Dec. Dig. § 47.*]

2. APPEAL AND ERROR (§ 1073*)—GROUNDS FOR REVERSAL—FORMAL DEFECTS IN ORDER.
   Failure of the order confirming the referee's report in favor of defendant on plaintiff's motion to punish defendant for contempt to make the recital, contained in the judgment entered on the order, that plaintiff's motion was denied, is not ground for reversal, being a defect in form which can be remedied.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

3. REFERENCE (§ 76*)—HIRING STENOGRAPHER—FEES AS DISBURSEMENTS.
   In the absence of a stipulation between the parties, the referee has no power to hire a stenographer; and, doing so, the stenographer's fees are not taxable as disbursements of the reference.

   [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 109–113; Dec. Dig. § 76.*]

Appeal from Special Term, Kings County.

Action by Rebecca Baff against Sep Elias. From an order confirming the report of a referee, and from the judgment entered thereon, plaintiff appeals. Reversed and remitted, with directions.

See, also, 147 App. Div. 904, 131 N. Y. Supp. 1102.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Louis J. Gold, of New York City, for appellant.

PER CURIAM. [1] On April 25, 1910, plaintiff obtained a final judgment against the defendant, enjoining him from the doing of certain specified things on his property, which adjoined that of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

plaintiff, and which were adjudged to result injuriously to the plaintiff's property rights. In June, 1910, the plaintiff obtained an order to show cause why the defendant should not be punished for contempt for violating the provisions of the final judgment after its entry. The motion came on to be heard on affidavits, of which the plaintiff submitted quite a large number, and the defendant likewise submitted an equally large number in reply. The court at Special Term, finding itself unable to decide the contested question on the affidavits, made an order of reference. This order was in form one to hear and determine certain disputed points therein specified. In this respect the order was irregular, as the court was without power to appoint a referee to hear and determine under the circumstances. The order should have directed a reference to take proofs and report with opinion. It was, however, treated as an order to take proofs and report with opinion, and this was done properly enough. Rovnianek v. Kossalko, 61 App. Div. 486, 70 N. Y. Supp. 36.

[2] The referee took the proofs offered, and reported with his opinion in favor of the defendant, who thereupon made a motion for the confirmation of the referee's report. The court at Special Term confirmed the report of the referee, and directed the entry of a judgment against the plaintiff for the costs and expenses of the reference, including the fees of the stenographer who took the testimony at the reference. From this order, and likewise the judgment entered upon it, in which costs and disbursements were taxed as provided in the order, plaintiff has appealed. The defendant-respondent has not appeared on this appeal. This court is asked to reverse the order confirming the referee's report and the judgment entered thereon on several grounds. The order itself does not recite that the motion of the plaintiff to punish the defendant for contempt was denied. Such a recital, however, does appear in the judgment entered upon the order. The order itself should have contained this recital. This defect, however, is not sufficient for a reversal of the order in question, as it is a defect in form which can be remedied.

[3] It does not appear in the record that any stipulation was entered into between the parties covering the hiring of a stenographer by the referee, and making provision for the payment of his fees. It is well settled that, unless there be such a stipulation, the referee has no inherent power to hire a stenographer, and the fees of such stenographer cannot be taxed as a disbursement of the reference. 3 Nichols' Practice, p. 2987.

The provisions of the order directing the taxation of the stenographer's fees and likewise the provisions of the judgment which includes the amount so taxed were erroneous. As it is not possible on this record before us to ascertain the amount taxed against the plaintiff for stenographer's fees, it is necessary for both the order and the judgment to be reversed and the matter remitted to Special Term for appropriate provision in regard to the items of costs properly taxable against the plaintiff. Otherwise than in this respect, we should see no reason to interfere with the determination of the court at Special Term on the merits.

Order and judgment reversed, with costs and matter remitted to the Special Term for an appropriate order fixing the amount of costs to be taxed against the plaintiff, omitting therefrom the fees of the stenographer before the referee.

JENKS, P. J., not voting.