PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Order modified, in accordance with opinion per curiam in Horton v. McNally Co., 153 N. Y. Supp. 429, decided herewith, and, as so modified, affirmed, without costs.

JENKS, P. J., and CARR and PUTNAM, JJ., concur. RICH, J., votes to affirm on the opinion of Mr. Justice Tompkins at Special Term. 151 N. Y. Supp. 674.

---

MARTYNE v. AMERICAN UNION FIRE INS. CO. OF PHILA-
DELPHIA et al.

(Supreme Court, Appellate Division, Second Department. May 14, 1915.)

1. INSURANCE ☞26—DISSOLUTION—REFUND OF PREMIUMS.
    Under General Corporation Law (Consol. Laws, c. 23) § 256, a person insured has an option to take a refund of unearned premiums upon cancellation of the policy. In Pennsylvania such an option to demand a refund, exercised after the insurer has made an assignment for the benefit of creditors, creates a debt of liquidation, to come in ratably with the claims of other creditors. After the dissolution of an insolvent insurance company of Pennsylvania, an insured party in New York sued for return premiums and levied attachments, seeking to hold unearned premiums refundable to the insolvent company upon reinsurance by a Russian insurance company. Held that, while plaintiff might have a claim provable in liquidation in the courts of Pennsylvania, he had no right to sue thereon in New York, and thus create a preference of himself as creditor.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. ☞26.]

2. INSURANCE ☞26—ACTIONS—SERVICE OF PROCESS.
    After dissolution of a foreign insurance company, service of process on its former agents and service by publication against the corporation is wholly void, and any judgment entered thereon is a nullity.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. ☞26.]

Appeal from Special Term, Kings County.

Action by Charles W. Martyne against the American Union Fire Insurance Company of Philadelphia and Charles Johnson, as Insurance Commissioner. From an order of the Special Term, vacating a service of summons, warrant of attachment, and levy thereunder, plaintiff appeals. Order affirmed.

The American Union Fire Insurance Company was incorporated in Pennsylvania, and began business in Philadelphia on January 3, 1911. It was soon admitted to New York. On the strength of its deposit with the Pennsylvania insurance department it was not required to make any deposit in New York. It had a general reinsurance contract with a Russian company, the Warsaw Fire Insurance Company, by which automatically a certain portion of its risks were ceded to and taken over by the reinsurers. But the American Union Fire Insurance Company seems to have been unfortunate, so that in about two years the commissioner of insurance of that commonwealth took steps to wind it up. Under provisions of state laws like those of New York, the court of common pleas of Dauphin county, upon the commissioner's application, made an order finding the American Union Fire Insurance Company insolvent, declaring it dissolved, and its corporate existence ended, and directing its affairs to be liquidated by the insurance commissioner. This

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

order took effect on being filed on March 27, 1913, in the office of the clerk of the county of Philadelphia.

The present plaintiff, a citizen of the state of New York, in April began this and other suits upon assigned claims for return premium on subsisting and unmatured policies at the date of dissolution. The affidavit for attachment set forth the dissolution proceedings in Pennsylvania, and the order appointing the Pennsylvania commissioner as liquidator, and deposed that by such court order the policies of insurance became and were broken and ended, so that defendant became liable to return to the insured, or their assigns, the unearned portions of the premiums. By serving the attachment so obtained on the local agent of the Warsaw Insurance Company, plaintiff claimed to have levied on what the Warsaw Company owed the defendant, which was in large part the unearned premiums for reinsuring ·defendant. The summons was served on the defendant's former agents in New York, and upon the superintendent of insurance in New York. Subsequently an order for publication was attempted to be served on defendant by publication as required by its terms. On April 12th the New York superintendent of insurance moved in the Supreme Court in New York county, upon consent of the Pennsylvania insurance commissioner for an order, which was granted, directing him to take over the company's assets in this state under Insurance Law, § 63. The insurance commissioner of Pennsylvania, appearing specially herein, on November 7, 1914, moved, on notice to Mr. Emmet, the New York insurance superintendent, to vacate all plaintiff's proceedings. After hearing, his motion was granted, and an order made, vacating the service of the summons, the warrant of attachment, and the attempted levy thereunder, from which order plaintiff has appealed.

Argued before JENKS, P. J., and CARR, RICH, and PUTNAM, JJ.

Edward Sandford, of New York City (Wharton Poor, of North Flushing, on the brief), for appellant.

James E. Finegan, of New York City, for respondents.

PER CURIAM. [1] The insolvent insurance company was already civiliter mortuus, and its assets placed in liquidation, when this suit was begun. Its civil death was not ignored, but set forth as a basis of these New York proceedings. After the corporation had been thus dissolved, and its existence ended, how could it be sued, and its former agents in New York subjected to service? The Court of Appeals has declared that, although a New Jersey corporation was in esse when sued, the effect on our proceedings of its subsequent dissolution was to be settled by the New Jersey statutes. "The existence and the powers of any foreign corporation coming into this state to do business are at all times subject to the law of its creation and of its domicile, and, additionally, to our laws relating to it, and the terms laid down by our Legislature as conditions of allowing it to transact business here." Sinnott v. Hanan, 108 N. E. 858, in Court of Appeals, April 13, 1915, officially unreported.

The terms of the Pennsylvania statutes under which defendant was dissolved correspond with like provisions of the New York Insurance Law. Under these statutes in the domiciliary state the corporation was ended for all purposes, without any continuance of its legal existence as to creditors, as did the statute of New Jersey invoked in Sinnott v. Hanan, supra. Counsel concede that appellant can take no judgment in personam, but urge that we sustain these attachment proceed-

ings as in the nature of proceedings in rem. We are not called on to discuss the general policy of state courts in upholding attachments by domestic creditors as against rights under prior liquidation in the foreign corporate domicile. Attaching creditors may be at times preferred upon a cause of action existing and matured before any corporate dissolution, if the creditor is in a position to sue on the debt and can ignore any outside liquidators or the results of dissolution. But here the contrary appears. The New York standard fire insurance policy allows either party to require cancellation. If the insurer give five days' notice of cancellation, it must tender the full pro rata premium; if the assured seeks to cancel, he gets back a part premium, computed at short rates. Richards on Insurance (3d Ed.) p. 721. But here the refund of premium is not by any option or demand inter partes. It is because a defendant, having no longer any corporate existence, has by its civil death terminated all outstanding insurance, since the life of the contract necessarily expires with the extinction of the insurer. And it is upon this extinction by legal dissolution in the state of its creation and domicile that plaintiff's assignors base their causes of action. Hence the sole ground of these attachment suits came into being by virtue of the exterritorial effect of the Pennsylvania decree dissolving and terminating the corporation.

While the insolvent insurer, once his legal status as insurer ends, leaves the insured entitled to a claim for a refund of the unexpired premium as a measure of his damages, no case in this state has been cited to us that thereby the insured is enabled to sue the insurer for such damages. The right to such allowance in this state, as far as insurance for a fixed term is concerned, was derived from 2 Rev. St. (1st Ed.) pt. 3, c. 8, tit. 4, § 75. People v. Security Life Ins. and Ann. Co., 78 N. Y. 114, 121, 34 Am. Rep. 522. This statute treats of open and subsisting contracts of the corporation in the nature of insurances, or contingent engagements of any kind. The receiver, with the consent of the party holding such engagement, may refund a proportionate part of the consideration to the holder, or owner, when "it shall be deemed canceled and discharged as against such receivers." This provision now appears unchanged as section 256 of the General Corporation Law (Laws of 1909, c. 28).

Apparently the assured had an option to take this refund of the unearned premium. In Pennsylvania such an option to demand refund of premium, exercised after the insurance company made an assignment for the benefit of creditors, creates a debt in liquidation, to come in ratably with the claims of other creditors. Fogerty v. Philadelphia Trust, Safe Deposit and Ins. Co., 75 Pa. 125. The liability for these return premiums, not being against a living corporation, but arising upon its dissolution, also became a provable claim in liquidation. As far as the attached liability by the Warsaw Company for return premium is concerned, that also came into being through and as a result of the dissolution. Return premiums from the Warsaw Company are a resource in the hands of the lawful successor of defendant, the insurance commissioner of Pennsylvania.

These attachments would divert funds intended to be shared by all

who may prove entitled to participate in the distribution. In a like effort by a New York creditor to attach property claimed by a New Jersey administrator, this court, by Thomas, J., said:

"The plaintiff is seeking by attachment to take from the trustee property appointed by law to the use of all creditors, and to sell it as if the administrator had some essential property right in it which he could transfer to one creditor to the exclusion of others." Bostwick v. Carr, 165 App. Div. 55, 151 N. Y. Supp. 74.

The dissolution of an insurance corporation has analogies to the administration of insolvent estates. Empire State Surety Co., 108 N. E. 825, Court of Appeals, April 13, 1915, officially unreported.

[2] As to the new and special duties arising from corporate dissolution, especially the claim for unearned premiums for the risk after dissolution, it is not perceived how domestic creditors may treat the corporation as still alive and subject to suit, and serve process on its former agents, and attempt to found jurisdiction by publishing the summons against the defunct corporation. Such service was wholly void, and any judgment attempted to be entered upon it a nullity. Matter of Stewart, 39 Misc. Rep. 275, 79 N. Y. Supp. 525; 40 Misc. Rep. 32, 81 N. Y. Supp. 209; 86 App. Div. 627, 83 N. Y. Supp. 1117.

Plaintiff has urged that the New York superintendent of insurance, not the commissioner of Pennsylvania, is the proper party to make this motion, because the court has already made him a custodian of the defendant's effects here. But this claim is without support, since throughout these proceedings the two state insurance departments have acted in concord. The present order recites service and appearance in behalf of Mr. Emmet, who practically assented to the Special Term order now under review.

The order should be affirmed, with $10 costs and disbursements.