In the Matter of the Application of FRED F. FRENCH and PEARL P. EDSON, Respondents, for the Voluntary Dissolution of KNAPP & FRENCH, INC.

EDWARD J. KNAPP, Appellant; NATHANIEL PHILLIPS, as Permanent Receiver of KNAPP & FRENCH, INC., Respondent.

First Department, February 1, 1918.

Corporations — voluntary dissolution — special proceeding — costs — stipulations — stenographer's fees — referee's fees — when opposing stockholder and creditor not personally liable for costs and disbursements — authority of court to stay foreclosure instituted by opposing stockholder — when question not academic — revival of action against permanent receiver after dissolution — duty of court to wind up affairs of dissolved corporation — protection of receivers against actions.

The General Corporation Law relating to voluntary dissolution of corporations contains no provision with respect to the costs and expenses of the proceeding.

First Department, February, 1918. [Vol. 181.

A proceeding for the voluntary dissolution of a corporation is a special one and, therefore, the provisions of the Code of Civil Procedure relating to costs in such proceedings govern.

There is no express statutory provision for taxing stenographer's fees, and the rule is that they are not taxable unless the parties have expressly stipulated that they may be taxed as disbursements.

Where, in a voluntary proceeding for the dissolution of a corporation, the attorneys for the petitioners and for the opposing stockholder who was also a creditor, stipulated that a stenographer be employed at a certain *per diem* fee, and his fee for copies of the minutes was also stipulated, and the affidavit of the stenographer shows that he had an understanding with the petitioners by which they were to pay one-half of his charges, and that it was at the suggestion of one of the attorneys that he entered the stipulation in the minutes in order to bind the opposing stockholder for one-half of his charges, and that thereafter by consent of counsel for the petitioners and for the opposing stockholder he made a minute of the stipulation, said stipulation should not be construed as authorizing the taxation of the stenographer's fees in the proceeding. It was evidently intended that they should be a joint charge against the responsible parties.

Where all parties in interest had notice of the dissolution proceeding and an opportunity to appear, a stipulation, fixing the referee's fees at an increased rate, consented to by all persons, is binding, although not agreed to by the attorney for the temporary receiver. This, because said receiver was not formally a party to the proceeding and had no authority to grant or withhold consent with respect to the referee's fees.

The court necessarily has implied authority to require that the expenses of the proceeding be paid out of the corporate property which it is required to administer and distribute and such is the practice in dissolution proceedings.

The costs and disbursements, with the exception of the stenographer's fees, should be paid by the permanent receiver from the corporate funds and should not be taxed against the opposing stockholder personally.

A stockholder opposing a voluntary dissolution proceeding should not be punished by having the costs and expenses taxed against him personally, because he merely appeared therein, and by interposing an answer obstructed and delayed the proceedings to a certain extent.

The question as to whether the granting of an injunction in a voluntary dissolution proceeding restraining a foreclosure proceeding commenced by the opposing stockholder pending a reference was proper, is not academic, where said stockholder's right to costs of the appeal is involved.

An action to foreclose a lien upon property pledged or upon realty is not an action to recover " a sum of money," within the meaning of section 184 of the General Corporation Law, conferring authority on the court in dissolution proceedings to enjoin certain actions.

A foreclosure action, instituted by an opposing stockholder, pending a reference in a dissolution proceeding, may be stayed by the court, in order to enable the receiver to sell the equity of the corporation.

By a final order of voluntary dissolution a corporation ceases to exist, and a pending foreclosure action, instituted by an opposing stockholder, can proceed no further until it is revived against the permanent receiver.

When the statutory requirements for the voluntary dissolution of a corporation have been complied with and the corporation dissolved, it becomes the duty of the court to wind up the affairs of the corporation, and to that end to dispose of its property for the interest of the creditors and stockholders.

It is within the inherent power of the court to protect its receivers against actions brought without its consent and to deny its consent to the bringing of such actions and to enjoin any one, and especially a creditor and a party to the proceeding, from interfering with the property, the custody and title to which is in its receiver.

APPEAL by Edward J. Knapp from five orders of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 5th, 28th and 29th days of May, 1917, respectively.

*Edgar J. Treacy* of counsel [*Treacy, Rasquin & Greason,* attorneys], for the appellant.

*John Neville Boyle* of counsel [*Pratt, Koehler & Boyle,* attorneys], for the petitioners, respondents.

*Henry Marx,* for the respondent Nathaniel Phillips, as receiver.

*Robert S. Conkling,* for the Attorney-General.

LAUGHLIN, J.:

On the 31st of March, 1916, the Special Term in Bronx county on a petition in due form and notice of motion to which there was no opposition, made an order as provided in section 178 of the General Corporation Law (Consol. Laws, chap. 23 [Laws of 1909, chap. 28], as amd. by Laws of 1909, chap. 240) requiring all persons interested in the corporation to show cause before a designated referee on the 19th of May, 1916, why it should not be dissolved. Under date of March 26, 1917, the referee made a report in writing in which he found that the allegations of the petition were true and recommended the dissolution of the corporation. The petitioners moved for the confirmation of the report and that the temporary receiver be appointed permanent

receiver on the 4th of May, 1917. On the 4th of May, 1917, a short form order granting the motion was signed by the justice presiding, and the final formal order dated that day reciting the proceedings, dissolving the corporation, making the temporary receiver permanent receiver and awarding costs and disbursements to the petitioners, including the fees of the referee and stenographer to be taxed and requiring that they be paid by the appellant was entered on May 5, 1917. The costs and disbursements of the petitioners were taxed at $1,573.14, the referee's fees being $750 and the stenographer's fees being $680. The appellant then moved for a review and retaxation of the costs but the motion was denied on the 24th of May, 1917. Pending the reference and on the 8th of December, 1916, the appellant commenced an action for the foreclosure of a second mortgage executed by the corporation on real estate which it still owned. After the final order of dissolution was granted the appellant proceeded to bring the issues in the foreclosure action to trial and thereupon the petitioners moved herein for a resettlement of both orders of dissolution by incorporating therein a provision staying appellant from proceeding with the foreclosure of his mortgage until the further order of the court. The motion for resettlement was granted by a short form order signed on the 24th of May, 1917, and by a long form order incorporating the provision with respect to a stay, dated the next day. On the 4th day of June, 1917, the appellant by a single notice of appeal appealed from said five orders *and from each and every part thereof.* Inasmuch as the notice of appeal questioned every step taken in the proceeding it became necessary to print a complete record of all the proceedings. On the motion to confirm the referee's report recommending dissolution there was no opposition and no question is now raised with respect to that part of the order. The only points the appellant presents are with respect to the taxation of the costs against him personally and the stay of proceedings in the foreclosure action. If the appeal had been limited to those points the record on appeal might have been confined to a few pages instead of one thousand pages for the printing of which appellant asks that he be reimbursed.

Knapp & French, Inc., was, in effect, an incorporated

copartnership, for one-half of the stock was owned by Knapp and the other one-half by French and each of them evidently made a nominal transfer of stock to qualify another as a director. The board of directors consisted of four members, viz., French and one Edson, named by him, and Knapp and one Selikowitz, named by him. It was a domestic corporation organized for the purpose of owning and leasing real property and constructing apartments and other buildings, and its place of business was in Bronx county. The proceeding was instituted for the voluntary dissolution of the corporation by petition of French and Edson and notice of application thereon returnable at Special Term on the 30th day of March, 1916. The petition was evidently based on the provisions of section 172 of the General Corporation Law, for facts were set forth tending to show that there was an even number of directors who were equally divided with respect to the management of the affairs of the corporation and that the ownership of the stock was equally divided between French and Knapp. The petition also set forth in detail various acts on the part of Knapp in violation of the agreement between him and French, made at the time the company was incorporated and charged him with fraudulent misconduct in attempting to obtain control of the corporation and of its affairs and property to the exclusion of French. The order appointing the referee required publication thereof as provided by the statute (§ 179), and required the referee to report to the court as soon as may be the proceedings had before him together with his opinion thereon. The petition on which the order was made, following the requirements of section 174 of the General Corporation Law (as amd. by Laws of 1909, chap. 240), contained, among other things, a schedule of the creditors of the corporation and their places of residence and the nature and amount of their claims and an inventory of the property of the corporation and the incumbrances thereon. The order was served on the creditors as required by section 180 of the General Corporation Law. On the return of the order to show cause the petitioners appeared before the referee by attorney, and certain creditors appeared, and appellant Knapp who had appeared specially by attorney appeared in behalf of his

attorney and requested an adjournment which was granted. On the adjourned day, May 24, 1916, the attorney who had appeared specially for appellant Knapp demanded that a copy of the petition be served upon him in accordance with his request in his special appearance, and the referee ruled that he was entitled thereto. He was then shown a copy of the petition and stated that he desired to answer some of the allegations thereof and requested time therefor, and he was given until the twenty-ninth of the month to serve an answer. The referee then proceeded to hear proof of claims, after which the proceeding was adjourned until May thirty-first, and was subsequently adjourned until the tenth of June at which time the then attorney for the appellant asked for a further adjournment which was denied, and he made a frivolous objection with respect to an omission in the copy of the petition served upon him and assigned that as an excuse for not having filed an answer. Some evidence was then received in support of the petition. The then attorney for the appellant took part in the proceeding and interposed various technical objections, and the proceeding was adjourned to the twenty-third of June at which time the attorney for the appellant moved to dismiss the proceeding and on his objection being overruled he filed an answer. The proceedings before the referee were continued and resumed from time to time. They consisted principally of the examination of French in support of the petition and his cross-examination at considerable length by the attorney for the appellant, and with objections and discussion by counsel and with records of the proceedings of the board of directors. On the 4th of October, 1916, the appellant appeared by his present attorneys at which time counsel for the petitioners stated that he had been informed by the attorneys for the appellant that they did not intend to offer any evidence in opposition to the dissolution of the company and that, therefore, he would offer no further evidence in support of the petition but that the remaining proceedings would relate to the claims; and counsel for the appellant acquiesced. The proceedings before the referee down to that time occupy 187 of the printed pages of the record exclusive of exhibits and the subsequent proceedings before the referee occupy 374 printed pages of the record exclusive of exhibits.

Pending the reference and on the 30th day of June, 1916, the court on motion of the petitioners, opposed only by the appellant, appointed one Phillips temporary receiver of the property of the corporation with power to preserve the property and to collect debts and demands and particularly to manage the premises of the company, known as No. 674 Academy street, borough of Manhattan, and to collect the rents therefrom and to pay all just charges against the property by way of interest on incumbrances, taxes and insurance premiums. On the 30th of April, 1914, the corporation executed a bond for $6,000 to the appellant, the principal of which was to become due and payable on the 30th of April, 1917, and at the same time executed a second mortgage on said premises No. 674 Academy street as security therefor. This bond and mortgage were proved before the referee on the 4th of October, 1916, and it was shown that the whole amount was due together with all interest thereon from date. The appellant on the 8th of December, 1916, pending the reference, instituted the action to foreclose the mortgage on account of default in the payment of interest, no interest having been paid, and the first installment of interest having become due and payable on the 30th of October, 1914, and he obtained leave of the court to join the temporary receiver as a defendant. Issue was joined in the foreclosure action on the 23d of January, 1917, but it was first noticed for trial for the first Monday of May, 1917, after a motion for confirming the referee's report and for the final order had been noticed. The report of the referee not only found that all of the allegations of the petition were true but that it was for the best interest of the corporation and of its stockholders and creditors to have the corporation dissolved and a permanent receiver appointed to make an equitable distribution of its assets among its creditors, and also that the objection of the appellant having been withdrawn there was no opposition on the part of the stockholders or creditors to a decree of dissolution. With respect to the said premises No. 674 Academy street the referee reported there was a first mortgage for $38,000 with interest at five and one-half per cent from December 1, 1915, thereon, and a second mortgage held by the appellant for $6,000 with interest at six per cent from

April 30, 1914, and he found a claim in favor of appellant for water rates paid on account of water supplied to said premises, and also other claims in his favor as a creditor. The petitioners gave notice of a motion for the confirmation of the report on May 4, 1917. On the hearing thereon the attention of the court was drawn to the pendency of appellant's action to foreclose the mortgage, and according to the affidavit of one of the attorneys for the petitioner and of the attorney for the receiver the attorneys for the appellant agreed in open court that the foreclosure action would not be pressed, but the attorney for the appellant by affidavit denied this. The order confirming the report was made on the 5th of May, 1917, and appointed the temporary receiver permanent receiver and he qualified as such. Thereafter the appellant proceeded with the foreclosure action. The petitioners thereupon moved to resettle the order of May fifth by incorporating therein a provision enjoining the appellant from proceeding with the foreclosure action. The motion was heard by the same justice who presided when the original order was granted and after hearing the affidavits, to which reference has been made, the motion was granted. At the time the order was so resettled the permanent receiver was in possession of the real property covered by the mortgage, and pursuant to the authority conferred upon him by section 239 of the General Corporation Law, made applicable by sections 230 and 191 of the General Corporation Law (as amd. by Laws of 1909, chap. 240, and Laws of 1916, chap. 53), he sold at public auction the equity of redemption of the corporation in said real property by expressly making the sale subject to the two mortgages and to the interest due thereon and to the costs of appellant's foreclosure action, and realized thereon the sum of $3,500. The appellant printed and on September 25, 1917, filed the record on appeal from the five orders. On the eighth of October thereafter the attorneys for the petitioners requested the attorneys for the appellant to consent to a modification of the injunction order by incorporating therein a provision suspending it. The request was denied and thereupon a motion was made for an order to that effect and the order was so amended on the twelfth of November at a Special Term presided over by the justice who had

granted it. The motion was then made here on the 21st of December, 1917, to dismiss the appellant's appeal in so far as it relates to the stay of the foreclosure action. On that motion it appeared not only that the premises had been sold by the receiver subject to the incumbrances and that the stay had been suspended, but that the purchaser on the receiver's sale had paid appellant's bond and mortgage in full and the costs of the foreclosure action and that the foreclosure action had been discontinued and the *lis pendens* therein canceled. The motion to dismiss the appeal was denied by this court, with costs, on December 28, 1917. (181 App. Div. 930.)

With the exception of the question as to whether the costs and disbursements should be paid by the appellant personally or out of the funds in the hands of the permanent receiver the only items brought in question are the fees of the referee and stenographer. After there had been several hearings before the referee, the proceedings at which cover 103 pages of the printed record on appeal, the minutes show that it was stipulated that one Underwood be employed as stenographer and that he furnish three copies of the minutes, one for the referee " and one each for the use of counsel," and a *per diem* fee and his fee for copies of the minutes were stipulated. There were then present the referee and the attorneys for the petitioners and for the appellant. It will be observed that the stipulation was silent with respect to how or by whom the fees of the referee were to be paid. On the fourth of October, when appellant first appeared by his present attorneys, a verbal stipulation between counsel was made and entered in the minutes to the effect that the referee should be allowed for his services at the rate of ten dollars an hour for all hearings from the commencement of the proceeding and at the same rate for the time required to prepare his report, and the final sentence of the stipulation was " His fees to be taxed as an expense on the administration of the corporate estate." The General Corporation Law relating to dissolution of corporations contains no provision with respect to the costs and expenses of the proceeding. Such a proceeding is a special proceeding (*Matter of Hulbert Brothers & Co.*, 160 N. Y. 9) and, therefore, the provisions of the Code of Civil Procedure relating to costs in special proceedings

govern. Section 3296 of the Code of Civil Procedure provides, among other things, that a referee in an action or special proceeding brought in a court of record is entitled to ten dollars for each day spent in the business of the reference unless at or before the commencement of the trial or hearing a different rate of compensation is fixed by the consent of the parties, other than those in default for failure to appear or plead, manifested by an entry in the minutes of the referee or otherwise in writing, or a smaller compensation is fixed by the court or judge in the order appointing him. Section 3240 provides that costs in a special proceeding in a court of record or upon an appeal therein where the costs are not otherwise specially regulated " may be awarded to any party, in the discretion of the court, at the·rates allowed for similar services, in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner." Section 3256 provides that a party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements consisting, among other things, of the legal fees " of referees and other officers  *  *  *  and such other reasonable and necessary expenses, as are taxable, according to the course and practice of the court or by express provision of law." The affidavit of the stenographer shows that he had an understanding with the petitioner French and one of the attorneys for the petitioners by which the petitioners were to pay for one-half of his charges and that it was at the suggestion of the attorney for the petitioners that he entered the stipulation in the minutes in order to bind the appellant for one-half his charges, and that thereafter by consent of counsel for the petitioners and for the appellant he made a minute of the stipulation as already stated. There is no express statutory provision for taxing stenographer's fees, and the rule is that they are not taxable unless the parties have expressly stipulated that they may be taxed as disbursements. (*Baff* v. *Elias*, 152 App. Div. 226; *Cohen* v. *Weill*, 33 Misc. Rep. 764; *Van Valkenburgh* v. *Bishop*, 164 N. Y. Supp. 86; *Gallagher* v. *Baird*, 60 App. Div. 29.) Section 251 of the Code of Civil Procedure authorizes the justice presiding at a hearing in an action or special proceeding to order a copy of the stenographer's notes at the expense of

the parties to the action but evidently the taxation thereof is not contemplated. In view of the phraseology of the stipulation with respect to the stenographer's charges and of the affidavit of the stenographer with respect thereto we are of opinion that the stipulation should not be construed as authorizing the taxation of the stenographer's fees in this proceeding. It was evidently intended that it should be a joint charge against the responsible parties, namely, the appellant and French. (*Adams* v. *N. Y., Lake Erie & W. R. R. Co.*, 20 Abb. N. C. 180.) The attorney for the receiver contends that inasmuch as the temporary receiver did not consent to the stipulation for the referee's fees at an increased rate above the statutory rate, in the event that those fees are to be paid out of the corporate funds the stipulation should not be deemed binding in respect to the amount of the fees, and that they should have been taxed at the statutory rate which would reduce them to $300. We are of opinion that there is no force in that contention. The temporary receiver was not formally a party to the proceeding and he had no authority to grant or withhold consent with respect to the referee's fees. All parties in interest had notice of the proceeding and an opportunity to appear. Those who saw fit to appear joined in the stipulation fixing the referee's fees. Such stipulations are customarily made and it is not claimed that the compensation therein provided was exorbitant. But we are of opinion that the costs and disbursements should not have been taxed against the appellant personally. If the court in deciding who should pay the costs and disbursements is to be controlled or influenced by the result of an inquiry or investigation with respect to who was responsible for the conditions necessitating the dissolution proceeding then the order imposing the costs and disbursements on the appellant could be sustained and that is evidently the theory on which it was granted. We think, however, that the Legislature recognized the difficulties that might be encountered in the management of corporations which would necessitate dissolution and regardless of who is responsible therefor authorized a dissolution when certain facts were shown to exist. If the appellant had not appeared in the proceeding it is quite clear that no costs could have been awarded against him. A reference is expressly provided

for in the statute. The court necessarily has implied authority to require that the expenses of the proceeding be paid out of the corporate property which the court is required to administer and distribute and such is the practice in dissolution proceedings. (See *Matter of Muller & Co.*, 21 App. Div. 629; *People* v. *American Loan & Trust Co.*, 177 N. Y. 467; *Barnes* v. *Newcomb*, 89 id. 108; *Matter of New Paltz & Wallkill Valley R. R. Co.*, 27 Misc. Rep. 451; affd., 42 App. Div. 622; *Matter of Attorney-General* v. *North American Life Ins. Co.*, 91 N. Y. 57.) The appellant should not be punished for merely appearing. It is true that he did by interposing an answer obstruct and delay the proceedings and extend the proceeding to a certain extent, but in a sense he was warranted in so doing for the petitioners unnecessarily charged him with fraudulent conduct and acts in the management of the corporation. He had a right to join issue on these charges and the fact that he offered no evidence with respect thereto is not to be taken against him for at that time his attorneys conceded, in effect, that without regard to those issues the corporation should be dissolved on account of its having an even number of directors equally divided in their stock ownership and with respect to the management of the corporation. If it had been shown just what proportion of the expenses were caused by the appellant's interposing an answer and interposing objections and examining witnesses a basis might have been afforded for requiring him to pay some of the disbursements, but that was not done. In any event, the proportionate share of the expenses which might have been taxed against him probably would not exceed the expenses of printing that part of the record on appeal which was essential to a review of the taxation of the costs and disbursements. Therefore, we think substantial justice will be done by reversing the orders in so far as they relate to the taxation of the costs and disbursements, without costs, and by substituting for the provisions imposing such costs and disbursements on the appellant provisions to the effect that they, with the exception of the stenographer's fees, should be paid by the permanent receiver from the corporate funds.

Counsel for the respondents contend now as they contended in support of the motion to dismiss the appeal that the question

as to whether the injunction order was properly granted is academic. It is quite clear, however, that it is not, for the appellant's right to costs of the appeal is involved. (*Matter of Martin* v. *Johnston Co., Ltd.,* 128 N. Y. 605; *Williams* v. *Montgomery,* 148 id. 519.)

Counsel for the appellant contends broadly that the authority of the court on a dissolution proceeding is only such as is expressly conferred by statute and that the only statutory provision conferring authority on the court in such proceedings to enjoin actions is contained in section 184 of the General Corporation Law, which relates only to cases where a temporary receiver has been appointed and is limited to enjoining actions against the corporation for the recovery of *a sum of money.* It is well settled that an action to foreclose a lien upon property pledged or upon realty is not an action to recover a sum of money within the purview of said section 184. (*Matter of Hamilton Park Co.,* 1 App. Div. 375; *Matter of Tarrytown, White Plains & M. R. Co.,* 133 id. 297; *Matter of Binghamton G. E. Co.,* 143 N. Y. 261.) The authorities upon which the appellant relies, however, all relate to temporary receiverships. There is a marked distinction between a temporary receiver, who is a mere custodian without title and does not represent the creditors (*Decker* v. *Gardner,* 124 N. Y. 334; *Herring* v. *N. Y., L. E. & W. R. R. Co.,* 105 id. 340; *Franklin Trust Co.* v. *N. A. R. R. Co.,* 11 App. Div. 249; *Mercantile Trust Co.* v. *Kings County El. R. Co.,* 40 id. 141), and a permanent receiver, in whom the title to the corporate property is completely vested and who represents all the creditors and stockholders. (*Attorney-General* v. *Guardian Mut. Life Ins. Co.,* 77 N. Y. 272.) It may well be that the temporary receiver was not a necessary party to the foreclosure action but by the final order of dissolution the corporation ceased to exist and the action could proceed no further against it and could in no event proceed until it was revived against the permanent receiver who became the trustee of the property of the corporation for the benefit of its creditors and stockholders. (Gen. Corp. Law, §§ 191, 230, 231, 232, 239, as amd. by Laws of 1909, chap. 240; Laws of 1913, chap. 766, and Laws of 1916, chap. 53; *Shayne* v. *Evening Post. Pub. Co.,* 168 N. Y. 70; *Martyne*

v. *American Union Fire Ins. Co., No. 5*, 168 App. Div. 380; affd., 216 N. Y. 183; *Matter of Stewart*, 40 Misc. Rep. 32; affd., on opinion of SCOTT, J., 86 App. Div. 627, and affd., 177 N. Y. 558. See, also, 2 Nicholls N. Y. Pr. § 1605; Fiero Spec. Pr. [3d ed.] 841.) If the court had the power to stay the foreclosure action it is quite clear that the order was properly granted. The only object of the stay was to enable the receiver to sell the equity of the corporation which under the stay he could do speedily as he did by a mere publication of a notice of sale for two weeks as provided in subdivision 4 of section 239 of the General Corporation Law. At any time after the sale it is quite evident that the appellant could have obtained a modification of the order had he seen fit to apply to the court therefor. The only possible prejudice to the appellant by the stay was the delay of a few weeks pending a sale of the equity by the permanent receiver for there was no attempt to interfere with the lien of the mortgage. We are of opinion that the court was fully authorized to grant the stay. It is quite true that in a sense the authority of the court in these proceedings is only statutory, but once the statutory requirements are complied with and the corporation is dissolved it becomes the duty of the court to wind up the affairs of the corporation and to that end to dispose of its property for the interests of the creditors and stockholders. (See *Matter of Dolgeville Electric L. & P. Co.*, 160 N. Y. 500.) As already observed the foreclosure action could not proceed without reviving it against the permanent receiver and it is well settled that it is within the inherent power of the court to protect its receivers against actions brought without its consent and to deny its consent to the bringing of such actions and to enjoin any one and especially a creditor and a party to the proceeding as was appellant from interfering with the property, the custody and title to which is in its receiver. (*Matter of Christian Jensen Co.*, 128 N. Y. 550; *Matter of Schuyler's S. T. B. Co.*, 136 id. 169, 173; *Walling* v. *Miller*, 108 id. 173; *Woerishoffer* v. *North River Const. Co.*, 99 id. 398; *Attorney-General* v. *Guardian. Mut. Life Ins. Co., supra.*) There is, therefore, no merit in the appeal from the injunction order.

It follows that the orders in so far as they relate to the

taxation of costs and disbursements should be reversed, without costs, and that there should be inserted in the orders in place of those provisions appropriate provisions requiring the payment of the costs and disbursements, with the exception of the stenographer's fees, by the permanent receiver out of the property of the corporation, and that the orders in so far as they relate to the stay should be affirmed, without costs.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Orders in so far as they relate to taxation of costs, etc., reversed, without costs, and order directed as stated in opinion, and orders in so far as they relate to the stay affirmed, without costs.  Order. to be settled on notice.