In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by FRANCIS R. STODDARD, JR., as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Assets of THE CITY EQUITABLE FIRE INSURANCE COMPANY, LTD., OF LONDON, ENGLAND.

Supreme Court, New York County, December, 1922 (Received February, 1923).

**Receivers — order restraining commencement of actions against insurance company — contempt of court — when summons ordered withdrawn.**

The court may protect a receiver against actions brought without its consent.

After the superintendent of insurance had been directed to take possession of the assets of a foreign insurance company for the benefit of existing American creditors under an order granted pursuant to section 63(5) of the Insurance Law, which order restrained the commencement or prosecution of any litigation, a clerk in the office of the superintendent of insurance received and admitted service of the summons and complaint and a warrant of attachment in an action brought against the insurance company. *Held*, that the action having been brought without leave of court, was a contempt and the plaintiff should not be allowed to profit thereby through granting such leave *nunc pro tunc*.

A motion for leave to enter judgment in said action upon condition that the execution upon said judgment be levied only upon any surplus remaining in the hands of the superintendent of insurance after all claims of policyholders and creditors in the United States allowed in the liquidation proceeding, will be

denied, with costs, but without prejudice to a motion for leave to commence a new action and levy an attachment on the surplus in the hands of the superintendent of insurance, provided the existing summons, complaint and warrant of attachment be deemed withdrawn and notice of the motion be served upon the attorneys for the parties opposing the motion.

MOTION for leave to Carpinter & Baker to enter judgment upon the default of the defendant in the action pending in this court and entitled " Carpinter and Baker, Plaintiff, against The City Equitable Fire Insurance Company, Ltd., Defendant," upon condition that execution upon the said judgment be levied only upon any surplus remaining in the hands of the superintendent of insurance after all claims of policyholders and creditors in the United States allowed in the above-entitled proceeding have been paid in full.

*William H. Hotchkiss*, for creditors.

*Burlingham, Veeder, Masten & Fearey*, for Sir Henry Grayson.

*Barry, Wainwright, Thacher & Symmers*, for official liquidator, appearing specially.

*Rumsey & Morgan*, for Carpinter & Baker.

*C. C. Fowler*, for superintendent of insurance.

MARSH, J.  I think the motion should be denied.  In the first place, I have considerable doubt whether the summons and complaint were validly served.  In the absence of express authorization, it seems dangerous to hold that a clerk in the office of the superintendent of insurance could effectively receive and admit service of process at a time that his superior had been publicly directed to take possession of the defendant's assets for the benefit of existing American creditors under an order which restrained the commencement or prosecution of any litigation.  In any event, the attempted service of the summons and complaint and the attempted service of the attachment were in direct violation of the injunction.  The attorneys for the plaintiff acquit themselves of any willful disrespect to the court by pleading ignorance of the terms of the order, although they admit knowledge of the pendency of the liquidation proceedings and that the superintendent of insurance had been directed to take over the assets under section 63 of the Insurance Law.  It is suggested that the order was too broad, as such a sweeping injunction is authorized by the section referred to only in the case of domestic corporations, and not in the case of foreign corporations.  Even if that be true, as long as the order was in force it had to be obeyed.  *Erie Railway Co.* v. *Ramsey*, 45 N. Y. 637; *Matter of Empire State Surety Co.*, 164 App. Div.

586. But I do not consider that the order was too broad. Section 63, subdivision 5, expressly declares the powers and duties of the superintendent to be the same as those of an ancillary receiver of a foreign corporation. It is well settled that a court may protect a receiver against actions brought without its consent. *Matter of French*, 181 App. Div. 719; *Woerishoffer* v. *North River Const'n Co.*, 99 N. Y. 398.

No leave of court having been obtained, the action of Carpinter & Baker was a contempt, if not a willful contempt, and I do not think they should be allowed to profit by it through granting the leave *nunc pro tunc*. The official liquidator in England has only now been informed of the action, as the superintendent of insurance appears to have rested on the invalidity of the service, and he ought to have a full opportunity to be heard, at least in regard to the attachment. Grayson claims prior rights on account of his mortgage. Possibly the court may think favorably of an application to attach the surplus in favor of a *bona fide* creditor in this jurisdiction where there has been no opportunity to file a claim. *Thornley* v. *Walsh Co.*, 200 Mass. 179; Fletcher Cyc. Corp. 9749, 9792; *Dunlop* v. *Patterson Fire Ins. Co.*, 74 N. Y. 145. See, also, *Martyne* v. *American Union Fire Ins. Co.*, 168 App. Div. 380. But that question need not be determined now.

Motion for leave to enter judgment denied, with ten dollars costs, without prejudice to an application for leave to commence a new action and levy an attachment on the surplus in the hands of the superintendent of insurance, provided the existing summons, complaint and warrant be deemed withdrawn and notice of the application be served upon the attorneys for the parties opposing this motion.

Ordered accordingly.