## SUPREME COURT.

### RICHARD C. VAN WYCK agt. ISAAC ALLIGER.

Where the court direct that "no costs are allowed" upon granting a motion in an *interlocu-
tory* order, (dissolving an injunction,) and the party in whose favor the motion is granted
finally succeeds in the suit—no costs can be allowed him on the taxation of the general
costs in the cause, for such motion.   The decision of the court must control the costs, on
such a motion.   They cannot be included and taxed as *final* costs in the cause.   The tax-
ing officer has no discretion in such a case.   (*Ante,* 74.)

*Dutchess Special Term, Nov.* 1849.—*Motion for retaxation of costs.*—The
suit was commenced by bill in equity to restrain waste, and an injunc-
tion obtained.   On the coming in of the answer, the defendant moved
to dissolve the injunction, which motion was denied.   The defendant
applied for a rehearing at a general term, when the former decision was
reversed and the injunction was dissolved, with direction as to costs in
these words:   "but no costs are allowed, and the order of this court
heretofore entered granting costs to defendant on said motion be, and
the same is hereby vacated and annulled."   This order was made in
September, 1848.   The cause was finally decided on its merits, in favor
of the defendant, in June, 1849.   On the taxation of costs, the justice
by whom they were taxed allowed the costs of the above motion to dis-
solve injunction by items, according to the old fee bill, amounting to
$54.93.   The plaintiff appeals, and now applies for a retaxation.

JNO. THOMPSON, *for plaintiff.*

J. HARDENBUGH, *for defendant.*

BARCULO, Justice.—It seems to me that the order made at the general
term plainly disposes of this case.   If the order had been silent on the

subject of costs it might have left a question whether the costs of the motion should not abide the result. Under the old practice, there were instances; such as motions to change venue, &c., where the costs abided the event of the suit without any special directions. But in this case the order declares that " no costs are allowed," and as if to put it beyond all dispute, a former order granting costs, which seemed to have been inadvertently entered, " is vacated and annulled." Now, to permit this taxation to stand would be permitting a taxing officer to reverse a decision of the court and allow costs when the court had expressly declared that no costs should be allowed.

It does not remove the difficulty to say, that there is a distinction between interlocutory and final costs. The objection to this allowance lies deeper than that. It is that the *taxing officer* has no *discretion* to be exercised, he is not to say whether a party is to have costs or not.. The court only can decide that matter. The case of *Savage & Cowen* v. *Darrow*, 4 How. 74, is an authority on this point.

Again, there is another insuperable objection to the allowance of these costs, which would have prevented the court from allowing them if disposed; and which may perhaps explain the " vacating and annulling" of the order granting costs. The *statute* does not permit such costs to be awarded. Even under the amended code, no more than ten dollars can be allowed. (§ 315.) And under the law, as it stood at the time of the decision, no costs could be allowed to the defendant on the motion, he being the moving party. (Code of 1848, § 270.) Indeed, this very question was decided in the case as it is reported. (3 How. 292.)

It appears, however, from the opinion in that case, that the order was " to be silent on the subject of costs." But, in this respect, the order differs from the opinion, and of course the former must govern. The opinion also states that the defendant would be left " to tax the costs of both motions in the event of his succeeding in the suit." This, however, was not made a part of the decision of the motion; and with all due respect to the learned court, I think it could not have been legally. When the statute declares in terms that no costs shall be allowed on a motion, the court has no more power to award the costs of the motion as *final costs*, than they have to allow them as interlocutory costs. If the costs could be taxed by items as final costs, the very evil which the Legislature designed to prevent would be increased.

The motion must be granted and the sum of $54.93 struck out of the bill. Neither party can have costs of the motion.