NATIONAL FOLDING-BOX & PAPER CO. v. ELSAS et al.

(Circuit Court, S. D. New York. May 26, 1897.)

1. PATENTS—POWER OF COURT TO INCREASE DAMAGES.
   Under Rev. St. § 4921, the power of the court to increase the damages may be exercised in equity as well as at law.

2. SAME.
   Statutory authority to give treble damages includes authority to multiply or increase them to any amount less than treble damages.

3. SAME—CONCEALMENT OF BOOKS.
   In a case of deliberate infringement, the spiriting away by defendant of his books after decree against him, to embarrass the accounting, constitutes good ground for imposing increased damages, under Rev. St. § 4921.

4. SAME—INTEREST.
   Interest cannot be added to the damages, from the filing of the bill, before a doubling of the damages by the court.

This was a suit in equity by the National Folding-Box & Paper Company against Herman Elsas and others for infringement of a patent. The cause was heard on a motion by plaintiff to be allowed treble damages.

Walter D. Edmonds, for plaintiff.

Arthur v. Briesen & Harry M. Turk, for defendants.

WHEELER, District Judge. This case shows deliberate infringement in attempted defiance of the plaintiff's patent, and spiriting away of the books of the defendants after decree, to the great embarrassment of the accounting. On settlement of the final decree the plaintiff moved for treble damages, and this motion has now been heard. The defendants insist that damages can only be trebled or increased at law, which at some time may have been true; but the present statute seems to fully provide for this. Rev. St. § 4921. The master has reported damages, not profits, and seems to have been driven to that aspect of the case, and hampered there in finding full damages, by the acts of the defendants in concealing their books. In view of this situation, this seems to be a very proper case for the application of this statute, and for an increase of damages under it. Authority to treble, of course, includes authority to multiply, or increase, to any amount within what trebling would reach. From the nature of this allowance the award does not rest upon, but must go beyond, actual damages capable of legal proof, and rest largely in discretion, like exemplary damages in actions at law. Upon consideration of the conduct of the defendants here the damages reported, $382.90, are doubled, making $765.80. The plaintiff has submitted a computation including interest on the damages found from the bringing of the bill, which amounts to $122.34, and would make the damages found $505.24. To double this would double interest, which would not be lawful, even if the interest was allowable. But while lapse of time and what money would bring at interest may be considered in assessing damages for an injury done considerably before, interest upon unliquidated damages does not seem to be allowable before verdict, judgment, or decree. Silsby v. Foote, 20 How.

378; Mowry v. Whitney, 14 Wall. 620; Littlefield v. Perry, 21 Wall. 205. The interest might be considered in multiplying or otherwise increasing damages within the limit, but, as such, it does not seem to be a proper foundation for such a proceeding. The damages found seem to be the proper damages to be multiplied, or added to. Decree for damages found, $382.90, doubled to $765.80.