JAMES D. HARRIS, Individually, etc., Plaintiff, v. WILLIS P. ROGERS, STATE BANK OF WILLIAMSON, et al., Defendants.

(Supreme Court, Monroe Special Term, March, 1919.)

Costs — depositions — stenographer's fees taxable — Code Civ. Pro. § 3256.

> Customary practice calls for a stenographer to take the testimony upon the examination of parties before trial and the amount of his fees therefor is taxable as a necessary disbursement under section 3256 of the Code of Civil Procedure.

> Where, by stipulation, an order for the examination of defendants before trial, for the purpose of preparing plaintiff's bill of particulars, is extended to embrace a complete examination, by direction of the court that additional testimony be taken, the plaintiff is also entitled to tax as part of his disbursements one-half of the expense of procuring a copy of the testimony.

MOTION for retaxation of costs.

J. M. E. O'Grady, for motion.

A. E. Sutherland, Edson W. Hamm and Clyde W. Knapp, opposed.

RODENBECK, J. The plaintiff is entitled to the expense of procuring the stenographer's minutes in taking the depositions of the defendants. The original order permitted an examination for the purpose of preparing a bill of particulars which had been ordered by the court but the examination by stipulation of the attorneys was extended to embrace a complete examination. The statute provides that such reasonable and necessary expenses may be taxed as are taxable according to the course and practice of the court.

Code Civ. Pro. § 3256. It is the course and practice of attorneys to charge the expense of stenographer's fees in the examination of parties before trial, which is all that is involved here, as a part of the reasonable and necessary disbursements. The employment of a stenographer to take testimony on such examinations is the customary practice and it is reasonable that this expense should be taxable. There is no express prohibition in the statute and it is fairly included in the language employed in the statute. In interpreting this section it is well to bear in mind that section 880 of the Code of Civil Procedure relating to the manner of taking an examination before trial came from the Revised Statutes of 1829 and has only been amended once (Laws of 1879, chap. 542) while section 3256 came from the Revised Statutes and the Code of Procedure of 1848 and has not been amended since that time except by adding the last sentence relating to the allowance for searches. Laws of 1895, chap. 331. The methods of practicing law so far as the taking of testimony is concerned, have been revolutionized since these sections were enacted and under the present practice it is usual for a stenographer and not the referee to take and write out the testimony of the witnesses. The examination of a party before trial is for the benefit of both sides, each being permitted to read the deposition on the trial. Code Civ. Pro. § 882. A modern interpretation of this section of the Code of Civil Procedure would seem to require an allowance for the disputed item. If the testimony in this instance had been written out in long hand by the referee the expense would probably have been quite as large and in addition to that the cost of attorney's fees to their respective clients would have been greatly increased.

The plaintiff is also entitled to tax as a part of his disbursements one-half of the expense of procuring a copy of the testimony taken before the trial court.

When the stipulation was made it was evidently thought that the trial of the case had been concluded and that no further testimony would be taken, but the court ordered additional evidence to be taken and the expense of taking this evidence is fairly within the language of the stipulation. When it was made counsel undoubtedly intended to cover all of the testimony taken in the case, and it would have had that effect if the court had not directed further evidence to be taken. The additional evidence was necessary for the court's use and the court might very well of its own motion have ordered one-half of the expense to be borne by each side. Code Civ. Pro. § 251. Under these circumstances it seems reasonable to construe the stipulation as including one-half of the total expense of the stenographer's fees.

Motion granted, with ten dollars costs.    ·