WINTHROP CHEMICAL CO., INC., Plaintiff, *v.* JACOB BLACKMAN and Others, Defendants.

Supreme Court, Special Term, New York County, April 27, 1936.

*Boehm & Zeiger, Edward S. Rogers* and *James F. Hoge* [*Louis Boehm, Solomon C. Stember* and *David Rasch* of counsel], for the plaintiff.

*Morris Kirschstein* [*David C. Haar* of counsel], for the defendants.

McLaughlin (Charles B.), J.   In granting a permanent injunction this court has directed that the defendants account for all the profits which had accrued to them as a result of their infringement of the plaintiff's trade-marks.   The accounting was had before a referee and this motion involves the confirmation of his report.

The plaintiff moves to modify the referee's report so that it be allowed as part of its damages the counsel fees incurred in the prosecution of this litigation.   The referee has disallowed this claim and that decision seems to be in accord with the law of this State.   It has been held that fees of counsel in conducting or defending litigation are not recoverable by either party in the action.   (*Avalon Constr. Corp.* v. *Kirch Holding Co., Inc.,* 256 N. Y. 137, 145.)   This seems to be the universal rule.   (1 Sedgwick Damages [9th ed.], § 229, at p. 463; 63 C. J. 578; 17 id. 805.)   In the New York Law of Damages by Clark (Vol. 1), section 361 is devoted to " Infringement of Patents, Copyrights and Trade Marks and Unfair Competition."   At page 612 it appears: " As in other cases the expenses of obtaining the injunction to restrain the infringement are not recoverable as damages for the infringement."   This author cites *Burnett* v. *Phalon* (12 Abb. Pr. 186, 188): " The other and only remaining exception arises upon the refusal of the referee to allow the question, ' What expenses have you necessarily incurred for counsel-fees in obtaining the injunction?'   It is difficult to see upon what principle the expenses attending the obtaining of an injunction could be embraced within the range of damages for the infringement of the rights of plaintiffs.   The injunction must have been sought for and granted in furtherance and pursuit of protection of the rights of the plaintiffs, and to prevent the continuance of the acts of the defendant."   The plaintiff cites several cases where it appears that counsel fees in patent infringement and trade-mark cases have been allowed, by including them in the treble damages which are allowed by statute.   (*Krentler-Arnold Hinge Last Co.* v. *Leman,* 24 F. [2d] 423; *National Folding-Box & Paper Co.* v. *Elsas,* [C. C. N. Y.] 81 Fed. 197; affd., [Second Circuit] 86 id. 917.)   These cases were apparently an attempt to give indirectly that which could not be given directly.   A penalty statute was made the vehicle of granting compensation for legal expenses.   In the first place the weight of the authorities in the Federal courts seems to be against these cases. (*New England Fibre Blanket Co.* v. *Portland Telegram Co.,* 61 F. [2d] 648; *Sutton* v. *Gulf Smokeless Coal Co.,* 77 id. 439, at p. 441.)

It may be added that the cases relied on by the plaintiff have no application here for the additional reason that this action has been brought in equity and the right to relief for infringements of trade-marks exists independent of and is not affected by the Federal statute. (1 Clark New York Law of Damages, § 361, at p. 609; *Oneida Community, Limited,* v. *Oneida Game Trap Company, Inc.,* 168 App. Div. 769.) The treble damages permitted under the Federal statutes are in the nature of exemplary damages, and " In equity, exemplary (vindictive or punitive) damages will never be awarded or decreed." (Paul Trade-Marks, § 326, at p. 568, citing the authorities in the footnotes: " But the function of a court of equity goes no farther than to award as incidental to other relief, or in lieu thereof, compensatory damages. It has no authority to assess exemplary damages.") (*United States* v. *Bernard,* 202 Fed. 728, 732.) The contention of the plaintiff is overruled. No action on the part of the defendants, no matter how fraudulent or wrong it may be, can give a court of equity the right to grant such damages.

The defendants object to the report of the referee because it excludes some " indirect costs " in computing the profits and objection is also made to an allowance of $5,000 as counsel fees upon the reference and to the amount allowed for accountant's services. These indirect costs represent a prorated share of the general expenses which shall be added to the direct costs of the infringed articles. In determining this point the court has considered the authorities cited, among which are *Societe Anonyme* v. *Western Distilling Co.* (46 Fed. 921, 922); *Regis* v. *Jaynes & Co.* (191 Mass. 245, 252; 77 N. E. 774); *Nelson* v. *Winchell Co.* (203 id. 75, 91). These cases hold in substance that a party guilty of a wrong should receive no benefit from it, and hence he should not be permitted to deduct any portion of the general expenses of the business where no extra expense has been incurred because of the unlawful venture. However, the rule in this State is different. (*Cutter* v. *Gudebrod Bros. Co.,* 190 N. Y. 252, 254.) The learned referee has adopted the correct rule. The burden of producing proof to obtain the benefit of such indirect costs was upon the defendants. Nothing may be presumed in favor of the wrongdoers in this case. The logic of the referee is unassailable. He is sustained with reference to the indirect costs.

The objection to the amount allowed for counsel fees presents an unusual or perhaps an unheard of situation. When testimony was about to be produced concerning their value (quoting from the affidavit of Mr. Haar, who argued for the defendants), the following occurred: " Thereupon, in an informal discussion, it was agreed that Mr. Boehm would merely state the time consumed by himself

and his various assistants, and Mr. Boehm's opinion of the value of his services, and we would leave it to the referee to decide the amount of compensation to which he would be entitled based on the referee's observation and knowledge of the work that Mr. Boehm had done on the hearings." Although the attorney for the defendants made this agreement he claims to have retained the mental reservation that he could question the amount of the fees. Doubtless this is true if he had a basis such as fraud or grossly excessive fees. Here we have no such things. The matter was left squarely with the referee without cross-examination or counterproof of any kind. He has given his judgment and no sound reason is advanced on this record to substitute for it the judgment of another. The allowance for the accountant's services is reasonable and is sustained for the reason set forth in the referee's opinion.

The report of the referee is confirmed without modification, and judgment will be so decreed.

Settle order accordingly.