HERBERT STRAUB, Respondent; v. BUFFALO BROADCASTING COR-
PORATION, Appellant.  (Appeal No. 1.)

HERBERT STRAUB, Appellant, v. BUFFALO BROADCASTING COR-
PORATION, Respondent.  (Appeal No. 2.)

Fourth Department, May 6, 1936.

*Ladd, Garono & Jaeckle* [*Milton E. Kaeselau* of counsel], for the defendant, appellant, respondent.

*William J. Sernoffsky* [*David L. Landy* of counsel], for the plaintiff, respondent, appellant.

CROSBY, J. The complaint alleges four causes of action, of which the second, third and fourth are the same cause alleged on three different theories. On the trial the second and fourth causes were abandoned by plaintiff, and he has recovered a verdict upon the first and third causes alleged in the complaint for $1,762.96, divided as follows: $1,116.92 on the first and $646.04 on the third. The defendant has appealed from the judgment entered upon that verdict, and the plaintiff has appealed from an order of the Special Term striking out of his retaxed bill of costs an item of $22.50, the amount which plaintiff paid to a stenographer for taking and transcribing the minutes of examination of defendant before trial. Such examination was had at the instance and on the motion of plaintiff, and the transcript of the evidence taken was read at the trial by plaintiff.

We will first consider the main appeal, that from the judgment.

Plaintiff's first cause of action is based upon an oral contract made with defendant on or about December 22, 1933, by the terms of which he claims to have been employed for a period of six months, commencing January 2, 1934, to lead a certain orchestra for broadcasting music. There is no dispute that he was to be paid $100 a week salary. But plaintiff claims, and defendant disputes, that he was to be paid extra for each individual commercial advertising program in which he assisted, and he has, apparently, recovered twenty-five dollars for each of thirteen Morris Plan programs, and fifteen dollars for each of seventeen Buffalo Times programs, a total of $580, which is included in his verdict of $1,116.92 on his first cause of action. The balance of plaintiff's verdict on his first cause of action is made up of damages awarded to plaintiff for having been discharged before the termination of the six-month period for which he claims to have been employed. Interest also enters into the verdict.

This verdict, as to a part at least, is against the weight of the evidence.

On April 17, 1934, defendant wrote plaintiff a letter telling him his services would end on April thirtieth. On April 27, 1934, plaintiff wrote defendant a letter claiming he had been employed for six months, and that, in addition to his salary of $100 per week, he was to have the extras which have been mentioned. Thereafter and on May first defendant sent to plaintiff a check for his salary in full, and there appears, on the face of this check, the words: " This check constitutes final payment for all services rendered to date." Defendant claims and plaintiff denies that these words were on the check when sent to plaintiff. The court charged the jury, and I think correctly, that, if these words were on the check when plaintiff received and used it, plaintiff could not recover for any services performed previously to that time. Plaintiff's denial that the words were written on the check is rather weak. But, in addition to that, he testified, in substance, on cross-examination, that before cashing the check he took the same to his attorney and sought advice about using the check. He says the reason he did this was because a controversy had arisen over the claimed extras, he claiming and defendant disputing that he was entitled to the same. But how does that furnish the slightest reason for seeking legal advice unless the check contained some threat that acceptance of it would bar further recovery? If the quoted words were not on the check, plaintiff would surrender no right to claim more by accepting what defendant admitted to be his due. It is also a circumstance to be considered that plaintiff's attorney of record, who did not try the case, but who appeared on the trial was the lawyer whom plaintiff consulted about the advisability of accepting the check, and he was not sworn by plaintiff to say that the claimed indorsement was not written thereon. Witness Lounsberry, executive vice-president of defendant, testified positively that it was, and plaintiff's own denial is in the words: " To my best recollection it was not there." And when the question was asked, " Will you swear it was not there? " he answered, " I think I would, yes."

On this record the weight of the evidence does not sustain a finding that the check lacked the words defendant claims to have written thereon. A new trial must be had for that reason.

We find no fault with the theory upon which plaintiff recovered a verdict of $646.04 on the third cause of action alleged in the complaint, which, because of the withdrawal of second and fourth causes, was submitted to the jury as the second cause of action. That cause of action arose under a written contract, dated August

27, 1934, by which it was provided that plaintiff should receive $100 a week for his services, plus eighty per cent whatever defendant charged customers for plaintiff's services in commercial advertising. The contract provided as follows: " On programs for additional individual commercial advertisers it is understood that when such opportunities occur, that you [plaintiff] with us, [defendant] will arrive at a reasonable charge to be made to the advertiser for your [plaintiff's] own personal services as required by that program and that when such a program series is purchased by an advertiser, then the fee charged for your personal services is to be divided on the following bases: 80% to you [plaintiff] and 20% to the B. B. C. [defendant]."

The facts are that defendant contracted with the Pure Oil Company for commercial advertising without consulting with plaintiff in regard to the price to be charged for plaintiff's personal services, and defendant charged the Pure Oil Company nothing for plaintiff's personal services, and plaintiff performed the services knowing that he had been ignored by defendant in respect of that part of the agreement which said "that you with us, will arrive at a reasonable charge to be made to the advertiser," etc.

Under these circumstances we think plaintiff pursued a correct theory in seeking to recover what his services were worth. Plaintiff had a right to assume that defendant, while ignoring his right to be consulted about the amount to be charged for his services, had arranged for his reasonable reward.

At this time we content ourselves with approving the theory upon which plaintiff has recovered upon his third cause of action, awaiting the result of a new trial to determine whether the evidence supports his recovery upon that theory.

The plaintiff's appeal from the order striking out of his bill of costs the $22.50 taxed on account of fees paid to a stenographer for taking and transcribing the evidence of defendant before trial, now becomes academic. However, the parties have asked for a decision of that appeal, without costs, in order to settle the practice. No authority exactly in point has been called to our attention. Some of the cases cited in the opinion of the Special Term contain suggestions of the correct answer to our question, but none give a definite answer. Since taxable costs are entirely a matter of statute, and we can find no statute authorizing the taxing of the disbursement involved here, we conclude that the plaintiff must fail in his contention.

The judgment should be reversed on the facts and a new trial ordered, with costs to the appellant to abide the event.

The appeal from the order should be dismissed, without costs.

On appeal No. 1: All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

On appeal No. 2: All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Appeal dismissed, without costs as academic.