W. M. WHITNEY & Co., Respondent, *v.* MARY E. BROWN and MARY A. BROWN, Appellants.

Third Department, January 19, 1938.

*Snyder & Freedman* [*Louis Snyder* of counsel], for the appellants.

*Joseph J. Mailloux* [*Borden H. Mills* of counsel], for the respondent.

McNAMEE, J. Replevin was brought to recover a gas stove sold by plaintiff to defendants' grantor, pursuant to a conditional sales contract, the title to remain in the seller until payment was made in full. The conditional vendee thereafter became the owner of the real estate, and subsequently conveyed to the defendants. The evidence was sufficient to warrant the jury in finding that the stove was affixed to the realty only by way of couplings screwed to permanent pipes, and, therefore, remained personalty; that the stipulated payment was not made; the value of the stove at the time of trial, and that the defendants had notice of plaintiff's ownership of the chattel before conveyance to them of the real estate title. Thus the fixing of the value and the awarding of possession were justified.

The judgment awarded possession of the chattel to the plaintiff, and provided, in case possession could not be delivered, that " the plaintiff recover of the defendants the sum of $25.00, the value thereof." The plaintiff taxed its costs at $25, and its disbursements at $21.10, in all $46.10. The defendants object to this taxation on two grounds, *first*, that the disbursements are a part of the costs, and *second*, that the taxation of the two should not have exceeded $25, the amount of the recovery. We do not accept either of these conclusions.

Plaintiff having succeeded, was entitled to costs as of course. (Civ. Prac. Act, § 1470.) No damages having been found, the costs were properly taxed at twenty-five dollars, the value of the chattel. (Civ. Prac. Act, § 1473.)

The disbursements taxed comprised legal fees for serving the summons and complaint, and subpœnas, and those chargeable by the clerk and sheriff, aggregating twenty-one dollars and ten cents. While the right to proper legal disbursements follows generally the right to costs, they are not costs, but a reimbursement allowed by statute for variable specified expenditures incident to the conduct of litigation. These disbursements were rightly included in the bill of costs, and were properly allowed. (Civ. Prac. Act, § 1518.)

One item of disbursement, included in the bill of costs, " Copy of Minutes $1.50," does not appear from the record before us to

have been incurred necessarily, nor allowable " according to the course and practice of the court or by express provision of law." This item was improperly included, and should not have been allowed (*Hudson* v. *Erie R. R. Co.*, 57 App. D v. 98, and cases there cited; *Straub* v. *Buffalo Broadcasting Corp.*, 247 id. 566, 569).

The judgment should be modified by striking therefrom the amount of the item representing the cost of minutes, viz., one dollar and fifty cents; and as thus modified, the judgment should be affirmed, with costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Judgment modified by striking therefrom the amount of the item representing the cost of minutes, viz., one dollar and fifty cents; and as so modified, affirmed, with costs.