414

READEX MICROPRINT CORPORATION, Plaintiff, *v.* GENERAL ANILINE & FILM CORPORATION, Defendant.

Supreme Court, Special Term, New York County, February 13, 1948.

*George K. Hourwich* for plaintiff.

*Milton I. Newman* for defendant.

HOFSTADTER, J. Plaintiff moves for a retaxation of costs which will allow as a taxable item of disbursement $640.75 for stenographers' fees on examination before trial of defendant. Under subdivision 10 of section 1518 of the Civil Practice Act, a party is entitled to include in his bill of costs such " reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." There is no express provision of law permitting taxation of stenographers' fees upon an examination before trial. It has been held that expenses for trial minutes may be taxed only when the minutes have been used in the preparation of a case on appeal. (*Pratt* v. *Clark,* 124 App. Div. 248.) So, too, where the trial proceeds before a referee instead of a court. (*Matter of French,* 181 App. Div. 719, affd. 224 N. Y. 555.)

Plaintiff urges that a different rule should apply with respect to the expense of stenographers' fees in connection with examinations before trial. In *Straub* v. *Buffalo Broadcasting Corp.* (247 App. Div. 566 [4th Dept.]) and *Whitney & Co.* v. *Brown* (253 App. Div. 180 [3d Dept.]) it was held that such fees are not a taxable disbursement. It is contended by plaintiff that those decisions do not establish the " course and practice " in the courts of this department. In *Harris* v. *Rogers* (106 Misc. 638 [Monroe Co. 1919]) stenographers' fees were held " taxable according to the course and practice of the court." That decision has been followed in this court in *McClintic* v. *Sheldon* (191 Misc. 893) and *Siegel* v. *Metropolitan Life Ins. Co.* (N. Y. L. J., April 24, 1942, p. 1732, col. 5, SCHMUCK, J.). However,

other decisions in Special Term have refused to follow the rule in *Harris* v. *Rogers* (*supra*). Thus in the following cases such stenographers' fees were held not taxable: *Shobbona Creston Oil & Gas Corp.* v. *Doherty* (N. Y. L. J., June 3, 1944, p. 2141, col. 2, HAMMER, J.); *Lavarre* v. *Reynolds Tobacco Co.* (N. Y. L. J., Feb. 20, 1945, p. 672, col. 1, SCHREIBER, J.); *Leslie* v. *Mills Music, Inc.* (N. Y. L. J., March 20, 1945, p. 1058, col. 3, EDER, J.); *Fawcett Publications, Inc.,* v. *Real Confessions, Inc.* (N. Y. L. J., Feb. 28, 1946, p. 805, col. 4, HECHT, J.).

I am inclined to follow the views of the latter cases, and to hold that stenographers' fees upon an examination before trial are not taxable unless the parties have expressly stipulated that they may be taxed as disbursements. The motion is, therefore, denied. Settle order.