ALBERT KAHN, as Administrator of the Estate of WALTER S. TOBIAS, Deceased, Appellant, *v.* LILLIAN SHEIRR, Respondent.

Appeal from so much of an order of the Supreme Court at Special Term, entered April 2, 1952, in New York County, as sustained the objection of defendant to the taxation of stenographer's fees on an examination before trial as disbursements, disallowed such item and directed the clerk to retax costs accordingly.

*Per Curiam.* The question involved on this appeal is whether a successful plaintiff may charge, as an item of taxable costs, the expense of the stenographer's minutes taken by a certified shorthand stenographer on an examination before trial. The plaintiff examined the defendant before trial at the former's office on February 28, 1952. When the attorney for the defendant arrived, there was a certified shorthand reporter present and, at the request of the plaintiff's attorney, the attorney for the defendant stipulated on the record as follows: " It is hereby stipulated and agreed by and between the attorneys for the respective parties herein that the examination before trial of the defendant be taken down before Louis Solomon, a shorthand reporter." It was further stipulated and agreed that the testimony would be delivered to the defendant's attorney on March 3, 1952; that it would be duly executed and returned to the plaintiff's attorney on or before March 7, 1952. The defendant's attorney questioned his own client during the course of the examination and at the trial the defendant's attorney used the examination and offered portions of it in evidence.

Section 1518 of the Civil Practice Act, dealing with disbursements which may be included in a bill of costs, provides in subdivision 10 thereof as follows: " Such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." There is no express statutory provision for including the fees of a stenographer on an examination before trial as an item of taxable disbursements. We hold, moreover, that the " course and practice of the court " do not allow such stenographic fees to be taxable in the absence of a stipulation to that effect. The stipulation entered into between the parties as above quoted makes no provision for charging the reporter's fee as a taxable disbursement, and in the absence of such a specific stipulation those stenographic expenses may not be taxed. The order below should accordingly be affirmed, with $20 costs and disbursements to the respondent.

Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur.

Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to respondent. [See *post*, p. 862.]