THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESTER THOMPSON, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, convicting defendant of violation of section 1140 of the Penal Law, reversed on the law and the facts and information dismissed. The People did not prove beyond a reasonable doubt that the actions of defendant constituted the willful and lewd conduct which the statute condemns. Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.

HAROLD A. RICH, Appellant-Respondent, v. WALTER F. O'MALLEY, Respondent-Appellant.— Action on an express contract and on *quantum meruit* to recover $50,000, alleged to be the reasonable value of services rendered by plaintiff for defendant. After plaintiff had rested and defendant had moved to dismiss the cause of action on the contract, the court stated that there was not a " scintilla of proof concerning the reasonable value " of plaintiff's services. The court granted the motion to dismiss that cause of action, but denied a similar motion as to the action on *quantum meruit*. Plaintiff then moved for an adjournment to enable him to present evidence of value, which the court denied. Defendant then rested, and, both sides having moved for judgment, the court denied defendant's motion, granted plaintiff's motion, and directed a verdict in his favor for six cents. Plaintiff appeals from the judgment entered thereon. Defendant appeals from such judgment insofar as it is in plaintiff's favor and also appeals from an order granting plaintiff's motion to retax costs. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant-respondent to abide the event. Two letters, addressed by defendant to plaintiff, were offered in evidence by plaintiff as an admission by defendant of his liability, and as an estimate by him of the value of plaintiff's services. The letters were excluded on the grounds (1) that they constituted no admission of liability, and (2) that they did constitute an offer of settlement, or an offer to employ plaintiff in the future. Defendant, an attorney, signed the letters, which are written on his professional stationery, in his individual capacity. Enclosed in one of these letters to plaintiff are copies of letters to five individuals, offering them employment as officers of the New York Subway Advertising Co., Inc. These letters are written on the corporation's letterhead, and are signed by defendant as its vice-president. By denying the motion to dismiss the cause of action on *quantum meruit* and directing judgment thereon, the court necessarily held that defendant's liability had been established. The contents of the excluded exhibits do not indicate that defendant intended them to be an offer of settlement, or an offer of future employment. If defendant, an attorney, so intended, he should have used language clearly and adequately expressing such intentions. Under the circumstances, the letters should have been received in evidence. Appeal from order dismissed, without costs. In view of the reversal of the judgment, which contains a provision granting costs to defendant, the appeal from the order granting plaintiff's motion to retax costs has become academic. However, the elimination of the item for stenographic fees for the minutes of plaintiff's examination before trial was proper. (*Kahn* v. *Sheirr*, 280 App. Div. 753 [1st Dept.], *Straub* v. *Buffalo Broadcasting Corp.*, 247 App. Div. 566, 569.) Nolan, P. J., Adel, Wenzel and Schmidt, JJ., concur; Carswell, J., not voting.