Thomas Dickens, J.
Compensation for counsel fees and payment for the outlay of stenographic services, are the legal obligations that plaintiff’s attorneys purpose to have defendants saddled with by means of this motion, as expenses for the successful outcome of their labors in a mesne motion that was insti *786 tilted in order to compel defendants to make equal weekly payments to plaintiff on Ms judgment against defendants.
That motion was brought pursuant to section 798 of the erstwhile Civil Practice Act, which had provided this kind of measure in aid of a pending proceeding supplementary to execution, such as was the case here.
In compliance with a direction in the decision of the mesne motion to submit an order, plaintiff’s attorneys did submit an order in long form, wMch contained a general provision for costs and expenses. Simultaneously with the order, they submitted also an affidavit in wMch they asked, specifically, for the allowance of counsel fees and for the stenograpMe outlay as expenses. This provision was deleted from the proposed order.
Despite judicial thumbs down on the provision, as indicated by its deletion from the order, plaintiff’s attorneys, nevertheless, seemingly now proceed in the precarious belief that because the phrase, “ costs and expenses,” appeared in the decision of the mesne motion, they should be allowed payment of these items.
In the first place, the attorneys lose sight of the fact that it is my prerogative to exercise the inherent power of the court to decide what a final order should spell out by modification— a power not dependent on any statute. (Manahan v. Petroleum Producing & Refining Co., 198 App. Div. 192, 195.)
In the second place, it is quite evident, from a reading of the entire wording of the decision, that mention of the phrase, “costs and expenses ” in the fore part of the mesne decision, does not have the status of being a part of the substantive matter of the decision, and, therefore, its position is to be regarded not as an indication of the approval of the sought-for allowances, but merely as part of descriptive language for the purpose of identifying the nature of the motion in its length and breadth. To have intended differently would have, in the circumstances of this case, resulted in a ruling, with respect to counsel fees and stenographic outlay, contrary to set precedents.
Fees which one is obligated to pay to his attorney, are not recoverable from an adverse litigant in the absence of any agreement for such payment or of a statutory provision therefor. (Soffer v. Glickman, 27 Misc 2d 721; Winthrop Chem. Co. v. Blackman, 159 Misc. 451.) As between the immediate parties, plaintiff is limited to statutory costs; consequently an award of disbursements and counsel fees would be improper. (Rollin v. Grand Store Fixture Co., 231 App. Div. 47.) Also, nonrecovery of expenses holds true both in the action in which the expenses are incurred and in a subsequent action. (Kessler v. Austin, 234 *787 N. Y. S. 2d 857.) In a very early case, the court therein held that attorney’s services in proceedings supplementary to execution would not be allowed as part of the expenses involved. (Van Valkenburgh v. Doolittle, 4 Abb. N. C. 72.)
No special circumstances are advanced, nor any statute is submitted, nor has one been uncovered upon research, as reason to hold that the facts here take the legal aspect of this application out of the realm of the general rules prohibiting the granting of allowances of the kind in question. See for various instances of prohibitions and exceptions pertaining to such allowances, the following book cases: Gorman v. Kings Mercantile Co. (36 Misc 2d 38); Idyll v. Kohn (199 N. Y. S. 2d 165); Shindler v. Lamb (25 Misc 2d 810); Grace Harbor Corp. v. Grace Harbor Assn. (130 N. Y. S. 2d 592).
So far as stenographic outlay is concerned, the law holds for it the same fate — it is not allowed. (Matter of French, 181 App. Div. 719, affd. 224 N. Y. 555; Rich v. O’Malley, 280 App. Div. 817.)
The motion is, in each respect, denied.