**TEXTRON, INC., Plaintiff-Appellee,**

v.

**SPI–DELL WATCH & JEWELRY CO.,**
**Inc. and Ernest Mermelstein,**
**Defendants-Appellants.**

**Nos. 256, 257, Dockets 32272, 32273.**

United States Court of Appeals
Second Circuit.

Argued Dec. 17, 1968.

Decided Dec. 20, 1968.

Robert L. Thompson, Boston, Mass. (Donald Brown, Dike, Thompson & Bronstein, Boston, Mass., and William K. Guild, Nims, Halliday, Whitman, Howes & Collison, New York City, on the brief), for plaintiff-appellee.

Morton A. Bernstein, New York City, for defendants-appellants.

Before LUMBARD, Chief Judge, and KAUFMAN and ANDERSON, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Spi-Dell Watch & Jewelry Co., Inc. and its sole stockholder Ernest Mermelstein [hereinafter referred to jointly as Spi-Dell] appeal from an order by Judge Ryan in the Southern District of New York, made upon Textron Inc.'s [hereinafter Textron] motion for summary judgment, permanently enjoining Spi-Dell from infringing Textron's trademark, "Speidel," awarding damages and an account for the profits Spi-Dell obtained through its infringement, granting Textron reasonable attorneys' fees and appointing a special master to determine the amount of the damages and fees.

Textron, a conglomerate empire, instituted this action for infringement of Textron's registered and common law trademark and trade name, "Speidel," and for unfair competition in the use of this mark by Spi-Dell. Spi-Dell is a very small business which sells inexpensive jewelry to retail jewelers in the New York metropolitan area. Ninety percent of its business derives from the sale of watches, although it also sells some watch cases and watch bands, including those made by Textron's Speidel division. The Speidel division of Textron is a well known maker of watch bands, whose 1966 gross sales were approximately $27,000,-000. Spi-Dell does not advertise, put its name on its products, sell directly to the general public or compete on a significant level with Textron. The infringement came to Textron's attention only because Spi-Dell placed a $25.00 advertisement in a banquet program published in connection with a jeweler's association social function. Mermelstein attempted to explain his use of the name by stating that he derived Spi-Dell from the first initials of the first names of certain of his relatives who were killed in the concentration camps in World War II.

Because there existed a likelihood of confusion between the names "Speidel" and "Spi-Dell" the District Court properly enjoined Spi-Dell from continued use of that name. 15 U.S.C. § 1114(1) (1964); J. R. Wood and Sons v. Reese Jewelry Corp., 278 F.2d 157 (2d Cir. 1960).

We believe, however, that the court below erred in awarding counsel fees. It is clear that counsel fees may not be recovered in actions under the federal Lanham Act. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). Textron seeks to avoid this rule by asserting that its award of counsel fees was based not on federal law but on violation of its common law rights. This too is unavailing. It is far from clear that a New York Court would allow counsel fees in trademark infringement actions, Winthrop Chemical Co. v. Blackman, 159 Misc. 451, 288 N.Y.S. 389 (Sup.Ct.1936), or in unfair competition suits, Miss Susan, Inc. v. Enterprise & Century Undergarment Co., 270 App.Div. 747, 62 N.Y.S.2d 250 (1st Dept.1946), aff'd 297 N.Y. 512, 74 N.E.2d 461. See also Singer v. Gerard V. Korda & Co., 41 Misc.2d 785, 246 N.Y.S.2d 427 (Sup.Ct.1963). And the Supreme Court has stated that the American rule "has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor" and that the difficulties of proof, time and expense involved in litigating this question would pose substantial burdens for judicial administration. Fleischmann, supra, 386 U.S. at 717–718, 87 S.Ct. at 1407. See Singer, supra, 246 N.Y.S.2d at 429. Thus it would be improvident to permit a litigant to evade the federal prohibition on counsel fees simply by joining a common law count to his complaint, a maneuver which even counsel for appellees admitted at argument can be easily achieved for it is not difficult to find a common law and unfair competition violation in most federal trademark cases. Thus, one could

all too easily receive indirectly that which could not be acquired directly. Moreover we do not read N.Y.Gen.Bus. Law § 368–d (McKinney's Consol.Laws, c. 20, 1968) as mandating the recovery of counsel fees and we do not believe it prudent to reach a result so clearly contrary to well established federal and New York common law in the absence of an explicit legislative pronouncement.

In sum, we affirm the order granting an injunction and an accounting,[1] but reverse the award of counsel fees.

---

1. In view of the minuscule amount of profit proved in the accounting so far, allegedly $3,000 in one year and $5,000 in another, it is questionable whether the trial court was warranted in referring the matter to a master, thus incurring additional fees. It might have been preferable for the court itself to proceed with the accounting at least in the early stages. See Hobart Mfg. Co. v. Kitchen Aid Service, 260 F.Supp. 559, 562 (E.D.N.Y.1966). But since we are advised that the master's hearings are almost terminated we shall not disturb the reference. Moreover, we note that appellee's counsel advised this court that his fees would be quite substantial—and might considerably exceed what Textron would receive in an accounting.