**UNITED ARTISTS TELEVISION, INC.,**
Plaintiff,

v.

**FORTNIGHTLY CORPORATION,**
Defendant.

**No. 60 Civ. 2583.**

United States District Court
S. D. New York.

June 27, 1969.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff; Louis Nizer, Gerald Meyer, Gerald F. Phillips, New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant; Robert C. Barnard and Smith, Pepper, Shack & L'Heureux, Washington, D. C., of counsel.

OPINION

HERLANDS, District Judge:

Defendant, victorious on the basic copyright issue *, has moved for judgment in its favor against plaintiff dismissing the complaint, with costs in this Court to be taxed by the Clerk, "and for the allowance of reasonable attorney's fees, pursuant to 17 U.S.C. § 116" (Notice of Motion, dated January 17, 1969 . The only controverted issue relates to the attorney's fees.

---

* On June 17, 1968, the Supreme Court in Fortnightly Corp. v. United Artists Television, Inc., 392 U.S. 390, 88 S.Ct. 2084, 20 L.Ed.2d 1176 (1968), reversed the judgment of the Court of Appeals, 377 F.2d 872 (2d Cir. 1967) which had affirmed this Court's decision, 255 F.Supp. 177 (S.D.N.Y.1966).

The Court has this day signed a judgment, substantially as agreed upon by the parties as to form, but has denied defendant's motion with respect to the award of attorney's fees.

Defendant does not seek an allowance of all of its attorney's fees but only to the extent of $40,000. which allegedly represents "the *additional* legal expenses which were necessarily incurred because of the scope and nature of plaintiff's Complaint" (Barnard affidavit, pp. 1–2; Smith affidavit, p. 1), that is, "*additional* effort and cost forced on defendant by the scope and nature of plaintiff's complaint" and which amount "is only a small fraction of the total legal fees incurred by defendant in defending the case" (Barnard affidavit, p. 12) (Emphasis supplied).

17 U.S.C. § 116 (1964) relevantly provides that, in copyright actions, "the court may award to the prevailing party a reasonable attorney's fee as part of the costs." The parties agree that the awarding of attorney's fees herein rests in the Court's discretion.

The Court's familiarity with all of the pretrial and trial proceedings, as the Rule 2 judge, and its examination of the moving and opposing affidavits and memoranda submitted on the present motion, lead to the findings and conclusions set forth in this opinion.

The scope and nature of the action were reasonable. The action was brought and conducted in good faith and with diligence. In conception and prosecution, the litigation was handled by plaintiff expeditiously and efficiently, and without vexatiousness or unnecessary expansion and complexity.

The opposing affidavit of Gerald Meyer correctly describes the practicalities and realities of plaintiff's situation and accurately details the steps taken by plaintiff to expedite the proceedings and to obtain (by motion filed on May 11, 1965) a separate trial of the issue of infringement in prototype form despite defendant's opposition. *See,* for example, Defendant's 38-page Memorandum in Opposition to Plaintiff's Motion for a Separate Trial (dated May 8, 1965), pp. 1, 2, 9–14.

Because of the three year statute of limitations in copyright actions, 17 U.S. C. § 115(b) (1964), plaintiff was justified in including all infringement claims which had accrued as of the commencement of the action (on June 29, 1960) and in filing a supplemental complaint (on June 5, 1963) which included the additional alleged infringements occurring subsequent to the filing of the original complaint.

With the retrospective wisdom flowing from time and success, defendant now expostulates with plaintiff that it could have filed "a relatively simple test case" (Barnard affidavit, p. 3) though "defendant does not contend that the claim of infringement in this case was either synthetic or capricious" (Defendant's Memorandum, p. 2).

This belated discovery of simplicity is incongruent with defendant's own intricate and comprehensive answer (filed April 1, 1964), which was structured in seven parts and contained numerous separate defenses, including *inter alia* specific defenses under the copyright laws (Part IV, paragraph 39(a) to 39(e)), and the separate defense of the statute of limitations (Part VI, paragraphs 46–47).

The Court has read all of the cases cited by plaintiff and defendant. This area of the law is well worked out, and there is no need to engage in a fresh exegesis. None of the authorities justifies the awarding of counsel fees to defendant in the circumstances of this case.

 It is appropriate to point out that Barton Candy Corporation v. Tell Chocolate Novelties Corp., 178 F.Supp. 577 (E.D.N.Y.1959), cited by defendant, *denied* the claim for attorney's fees. The court, in reiterating the governing principles, observed that, in copyright cases, attorney's fees are denied unless plaintiff's claim is capricious or unreasonable or unless the situation calls for the penalization of the losing party.

Likewise, in Cain v. Universal Pictures Co., Inc., 47 F.Supp. 1013 (S. D.Cal.1942), cited by defendant, the court *denied* the claim for attorney's fees, finding (at 1019) that there were no "equity considerations" which "call for the penalization of the losing party."

It is extremely doubtful whether counsel fees may be allowed on the basis of the unfair competition count. *Cf.* Textron, Inc. v. Spi-Dell Watch & Jewelry Co., 406 F.2d 544, 545–546 (2d Cir. 1968).

Defendant's motion for the award of attorney's fees is hereby denied.

So ordered.